## WATSON v. LOYAL UNION LIFE ASS'N.

No. 19919. Opinion Filed April 15, 1930.

John T. Levergood and M. L. Hankins, for plaintiff in error.

B. B. Wheeler, for defendant in error.

HERR, C. This is an action by Ira Watson against the Loyal Union Life Association of Muskogee, Okla., a corporation, to recover on a beneficiary certificate issued by said company to Alice Bradley.

It appears from the petition and exhibits attached that the defendant is a mutual benefit association; that the certificate in the sum of $1,000 was issued on May 31, 1927; that plaintiff is the son of insured and beneficiary under the certificate. It also appears from the application for the certificate attached to the petition, that insured was born December 24, 1871. It is alleged that insured died January 27, 1928; that all premiums on the certificate were paid in full at that time; that demand was made by plaintiff for payment of the amount due under the certificate, but that defendant denied liability thereunder and refused payment.

Defendant demurred to the petition, which demurrer was by the court sustained and judgment rendered dismissing plaintiff's cause of action. Plaintiff appeals, and as-

signs this ruling as error. In our opinion, this assignment is well taken.

The certificate was issued under authority of chapter 32, S. L. 1925. This act, among other things, provides that the articles of association of mutual benefit societies shall have incorporated therein the following:

"Article III shall state the objects of the association and the plans by which these objects are to be carried out, including the extreme limit of age of persons to whom benefit certificates may be issued, which limit of age shall not exceed fifty-five (55) years."

It is contended by defendant that the certificate is void for the reason that insured was over 55 years of age at the time it was issued, and that for this reason no recovery can be had thereunder.

As before stated, the certificate was issued May 31, 1927. Insured was born December 24, 1871, and was, therefore, at the time of the issuance thereof, 55 years, four months and four days old. She arrived at the age of 56 December 24, 1927. Was she then at the time the certificate was issued over 55 years of age within the meaning of the act in question? We arrive at the conclusion that she was not. A person is ordinarily not considered over 55 years of age until he arrives at the age of 56. It may safely be said that it is universally so understood, and it occurs to us that this must have been the sense in which the language was used by the Legislature.

Defendant contends that the very moment one passes his or her 55th birthday, he or she is then over 55 years of age. If this contention be correct, the question naturally arises, at what period in a man's life would he be said to be only 55 years of age? He certainly would not be of that age until he reaches his 55th birthday. If the contention of defendant be correct, no one could legally give his age as 55 years one hour or one moment after he passes his 55th birthday. We cannot believe that the Legislature intended that the act should be so construed, but, on the contrary, are of the opinion that the language used should be construed in its ordinary sense and be given its ordinary meaning. We prefer to so construe it, and in so doing, arrive at the conclusion that insured was not over 55 years of age at the time she took out the certificate in question.

Section 3557, C. O. S. 1921, provides:

"The word 'year' means a calendar year, and 'month' a calendar month. Fractions of a year are to be computed by the number of months, thus: half a year is six months. Fractions of a day are to be disregarded in computations which include more than one day, and involve no question of priority."

We think it was not the intention of the Legislature, in enacting this statute, that fractions of a year should be considered, as there is no language used in the act indicating such intention.

Judgment should be reversed, and the cause remanded, with directions to overrule the demurrer, to reinstate the cause, and proceed in accordance with the views herein expressed.

TEEHEE, EAGLETON, FOSTER, and REID, Commissioners, concur.

By the Court: It is so ordered.

Note.—See ,"Time," 38Cyc. p. 311, n. 22.