## WILSON v. MID-CONTINENT LIFE INS. CO.

No. 20747. Opinion Filed Oct. 4, 1932.

Meacham, Meacham & Meacham, for plaintiff in error.

Rittenhouse, Lee, Webster & Rittenhouse, for defendant in error.

CLARK, V. C. J. This is an action commenced in the district court of Caddo county by plaintiff in error, as beneficiary under a special automobile accident policy, against the defendant in error, issued to Elias M. Wilson, husband of beneficiary.

The petition alleges the issuance of the policy on January 23, 1925, which covered a period of twelve months, and the renewal thereof on January 22, 1926, and the renewal thereof on the 22nd day of January, 1927, and the renewal thereof on the 22nd day of January, 1928, which extended said policy in force for a period ending January 23, 1929. That the insured, on or about the 19th day of October, 1928, received accidental bodily injuries which he sustained while driving or operating his automobile by reason of a railroad train being driven into and against the automobile, and in consequence of said accident or collision, and in consequence of said injury, the insured was instantly killed. Alleged the submission and filing with defendant of proof of death and claim, and all other proofs and papers required by defendant, the acknowledgment of receipt thereof by defendant, and the denial of liability by defendant. Attached to her petition copy of the policy issued on the 23rd of January, 1925; copy of application; renewal receipt dated January 23, 1928, and countersigned January 31, 1928, in part as follows:

"Received the premium described in the margin hereof subject to the conditions on the reverse side, extending this policy for the period ending 1-23-29."

Defendant demurred to the petition on the grounds that said petition fails to state facts sufficient to constitute a cause of action in favor of said plaintiff and against this defendant, which demurrer was by the court sustained on the grounds:

"That, notwithstanding the fact that the defendant had accepted premium and issued receipt therefor for a period beyond the date of the death, paragraph 17 of the policy upon which plaintiff's action is based as is shown by the petition provides:

" 'The insurance under this policy shall not cover any person under the age of 18 years nor over the age of 65 years. Any premium paid to the company for any period not covered by this policy will be returned upon request,'

—"and the petition shows upon its face that the insured under the policy was accidentally killed on October 19, 1928, after he had reached his 65th birthday on February 22, 1928."

To which ruling the plaintiff excepted and elected to stand upon her petition; thereupon the court rendered judgment for defendant and against the plaintiff dismissing her cause of action, to which plaintiff excepted and gave notice of appeal, and brings the cause here for review, and assigns as error "that the judgment of the trial court was contrary to law."

The application for insurance made by the insured to the defendant, dated January 17, 1925, gave the age of the insured as "62," birth date, February 22, 1863.

The renewal receipt shows that the policy sued upon was extended in force until January 23, 1929.

The petition alleges the death of the insured by accident on the 19th day of October, 1928.

It appears from the petition and exhibits that the insured reached his 65th birthday on February 22, 1928, during the period covered by the last renewal receipt, and that he had not reached his 66th birthday at the time of the accident and death.

The only provision or reference as to age limit provided in the policy is:

"Sec. 17. The insurance under this policy shall not cover any person under the age of 18 nor over the age of 65 years."

This court, in construing section 2, chapter 32, Sess. Laws 1925, with reference to age limit, which reads as follows:

"Article III shall state the objects of the association and the plans by which these objects are to be carried out, including the extreme limit of age of persons to whom benefit certificates may be issued, which limit of age shall not exceed 55 years"

—in the case of Watson v. Loyal Union Life Ass'n, 143 Okla. 4, 286 P. 888, said in the syllabus:

"A person is not over 55 years of age, within the meaning of section 2, chapter 32, S. L. 1925, until he arrives at the age of 56."

And in the body of the opinion this court said:

"A person is ordinarily not considered over 55 years of age until he arrives at the age of 56. It may safely be said that it is universally so understood. * * *"

Defendant in error in its supplemental answer brief states with reference to construction to be placed upon the provision in the policy with reference to age that it "should be given its ordinary and generally accepted meaning," and in the case of Watson v. Loyal Union Life Ass'n, supra, this court has defined what is universally understood by the language used in the policy in question. It should be considered in years, as used in the policy, and not fractional parts thereof.

In the case of Metropolitan Life Ins. Co. v. Lillard, 118 Okla. 196, 248 P. 841, in the third paragraph of syllabus, this court said:

"If the policy of insurance is susceptible of two constructions, that one is adopted which is most favorable to the insured."

We are of the opinion that in construing the ordinary and generally accepted meaning of the language used in the policy, that fractions of a year should not be considered, and that the insured having not reached his 66th birthday at the time of the accident and death, he was therefore not "over the age of 65 years," and that the policy was in force at the time of his death, and that the demurrer should have been overruled.

Judgment is reversed and cause remanded, with directions to overrule the demurrer, to reinstate the cause, and proceed in accordance with the views herein expressed.

RILEY, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., and HEFNER, J., absent.

Note.—See under (2) 14 R. C. L. 926; R. C. L. Perm. Supp. p. 3708; R. C. L. Pocket Part, title "Insurance," § 103. (3) 14 R. C. L. 931; R. C. L. Perm. Supp. p. 3711; R. C. L. Pocket Part, title "Insurance," § 103.