BAY TRUST CO. *v.* AGRICULTURAL LIFE INS. CO.

1. Insurance—Construction of Policy.
   Rule that wording of an insurance policy will be construed most strongly in favor of the insured does not apply when the wording is not that of the insurer but is taken from a statute or from some source for which the insured is responsible.

2. Same—Optional Provision—Accidental Death.
   Wording of optional provision in life insurance policy relative to payment of double indemnity in case of accidental death is not subject to rule requiring construction to be most strongly in favor of insured since statute provides wording to be used in case such provision is inserted (3 Comp. Laws 1929, § 12442, subd. 5).

3. Same—Double Indemnity—Accidental Death—Over 60 Years.
   As used in optional provision in insurance policy providing for double indemnity in case of accidental death of insured if not "over the age of 60 years" the word "over" means "in excess of a certain quantity or limit" and the word "years" means "calendar years" (Comp. Laws 1929, §§ 76, 12442, subd. 5).

4. Statutes—Construction.
   The rules of common sense apply to the construction of statutes.

5. Insurance—Double Indemnity—Accidental Death Over Age 60.
   Beneficiary under life insurance policy in which was incorporated optional provision granting double indemnity in case insured was not under 18 nor over 60 years of age at time of death due to accident *held,* not entitled to recover double indemnity where insured was 60 years, 2 months and 10 days old at time of death (Comp. Laws 1929, §§ 76, 12442, subd. 5).

Appeal from Bay; McCormick (James L.), J. Submitted January 7, 1937. (Docket No. 57, Calendar No. 39,226.) Decided March 2, 1937.

Assumpsit by Bay Trust Company, guardian of the estate of Arthur J. Tennant, minor, against Agricultural Life Insurance Company for sums alleged to be due under a life insurance policy. Judgment for plaintiff. Defendant appeals. Reversed without new trial.

*Emil Anneke,* for plaintiff.

*Wilkinson, Lowther & O'Connell (Donald B. Smith,* of counsel, for defendant.

BUSHNELL, J. The sole question involved in this appeal as stated by appellant is:

"Was an assured, who was at the time of his death 60 years, 2 months, and 10 days old, over the age of 60 years at the time of his death within the meaning of a clause in a double indemnity rider attached to an insurance policy, providing: 'the insurance under this double indemnity rider shall not cover any person under the age of 18 years nor over the age of 60 years,' the language of the policy being prescribed by 3 Comp. Laws 1929, § 12442, subd. 5."

The circuit judge heard the matter without a jury and found that:

"The statute prescribing the form of the rider, and the rider itself, speaks in terms of years, and there is nothing in either the statute or the policy to indicate that fractions of a year were to be considered. Speaking in terms of years, the insured was only 60 years of age and would not be 'more years' of age until he had arrived at his 61st birthday. In every day life we speak of a person's age in terms of years, not years, months, weeks and days. A person on being asked his age states the number of years, disregarding fractions.

"The provision of the statute and the policy is construed by the court as meaning that the double indemnity feature of the policy shall not apply when the insured has attained more years in age than 60 years, but does apply where the insured has attained the age of 60 years and only a fraction of another year, especially where the additional fraction consists of less than half a year."

Defendant appeals from a judgment in favor of plaintiff for $2,000 plus interest and costs.

The opinion of the trial court cites *Watson* v. *Loyal Union Life Ass'n,* 143 Okla. 4 (286 Pac. 888), and *Wilson* v. *Mid-Continent Life Ins. Co.,* 159 Okla. 191 (14 Pac. [2d] 945, 84 A. L. R. 386.)

The trial judge said:

"The Oklahoma court decided in both of these cases that under similar provisions in the policies under consideration, and similar, if not exactly the same as in the policy in the case at bar, that the insured did not become over the age limit as fixed in the policy until he reached his next birthday. That is, that under the policy fixing the maximum age at 55 years the insured was covered until he or she arrived at the age of 56 years; and that under a policy fixing the maximum age at 65 years the insured was covered by the policy until he or she arrived at the age of 66 years.

"Counsel for both parties cite *Krmicek* v. *Federal Life Ins. Co.,* 252 Ill. App. 232, not a court of last resort. In this case the court seems to hold that in a policy fixing the maximum years of insurability at 70 the policy terminated upon the insured reaching his 70th birthday. However, the court not being a court of last resort, and the question involved not being exactly the one here involved, it cannot be seriously considered as authority."

The reasoning of the Oklahoma cases includes an application of the statute of that State, 1 Comp.

Okla. Stat. 1921, § 3557, which is comparable to our own.

"In the construction of the statutes of this State, the following rules shall be observed, unless such construction would be inconsistent with the manifest intent of the legislature, that is to say: * * * The word 'month' shall be construed to mean a calendar month; and the word 'year,' a calendar year; and the word 'year' alone, shall be equivalent to the words 'year of our Lord,' " etc.   1 Comp. Laws 1929, § 76.

The provision of the policy is optional, but if included therein "shall be in the words and in the order in which they are hereinafter set forth," as follows:

"An optional standard provision relative to the age limits of the policy shall be in the following form and in the blank spaces of which the insurer shall insert such number of years as it may elect.
"20.   The insurance under this policy shall not cover any person under the age of —— years nor over the age of —— years.   Any premium paid to the insurer for any period not covered by this policy will be returned upon request."   3 Comp. Laws 1929, § 12442, subd. 5.

"There are exceptions to the rule that the wording of an insurance policy will be construed most strongly in favor of the insured.   The rule does not apply when the wording is not that of the insurer but is taken from a statute or from some source that the assured is responsible for."   *Sturgis National Bank* v. *Sturgis Casualty Co.*, 252 Mich. 426.

The language under consideration is required by statute in the event that the provision is embodied in the policy and appellee's contention that the wording is to be construed against the company is not good.

The words "over the age of 60 years" have a definite meaning:

*Over:* "Beyond or above, or in excess of, a certain quantity or limit; as, boys of 12 years and *over.*" Webster's New International Dictionary, 2d Ed.

*Years:* Calendar years. See 1 Comp. Laws 1929, § 76.

It is argued that one cannot be over the age of 60 until he attains his 61st birthday. A year is a unit of time, a foot, a unit of distance, and a pound, a unit of weight. The deceased had lived over, beyond, above, or in excess of the age of 60 calendar years, viz: 60 years, 2 months and 10 days, when he came to his death. The record does not show his height and weight. It would involve strange reasoning to assume that if he were 5 feet 10½ inches tall that he was not over 5 feet, or that if he weighed 175 pounds that he did not tip the scales at any point over 100 pounds. If this opinion with respect to the claim of the beneficiary is 1,975 words in length, it would be likewise strange to claim that it is not over 1,000 words in length.

The cases cited in the opinion of the trial court and others are found in the annotations at page 389 of 84 A. L. R.

We held in *Jackson* v. *Mason,* 145 Mich. 338, in construing Act No. 200, Pub. Acts 1905 (for present statute, see 2 Comp. Laws 1929, § 7526) that a child of the age of 15 years and three months was not included in the class described in the statute as "any child or children between and including the ages of seven and fifteen years." It was urged in that case "that to give any force to the word 'including' the section must be construed to include children during

the entire 15th year and until they become 16 years old.'' The court said:

''A child over 15 years of age is not between the ages of 7 and 15 years.''

Mr. Justice MONTGOMERY writing for the minority said:

''We think the statute treats the year as the unit and that it follows that the words 7 to 15 years inclusive includes the year in which the child is generally spoken of as 15 years of age.'' Citing 1 Comp. Laws 1897, § 50 (now 1 Comp. Laws 1929, § 76).

The reasoning of the majority opinion although applied in the construction of a penal statute is most persuasive in the case at bar.

''It is elementary that the rules of common sense shall apply to the construction of statutes.'' *Attorney General, ex rel. Connolly,* v. *Reading,* 268 Mich. 224, 230.

The insured was born November 28, 1875; he had finished the entire span of 60 calendar years on November 28, 1935, when he came to his death February 8, 1936, 2 months and 10 days later. It must necessarily follow that upon the last mentioned date he was over the age of 60 years.

The judgment below is reversed without a new trial, with costs.

FEAD, C. J., and NORTH, WIEST, BUTZEL, SHARPE, POTTER, and CHANDLER, JJ., concurred.