ALLEN *v*. BAIRD.

4-7698

188 S. W. 2d 505

Opinion delivered July 2, 1945.

*John R. Thompson,* for appellant.

*Cooper Jacoway* and *Wm. J. Kirby,* for appellee.

HOLT, J. Appellants very clearly state the case presented as follows: "This is a suit brought in the Pulaski chancery court by a representative of the Little Rock Police and Fire Departments, respectively, and as members of said departments and as citizens and taxpayers of the city of Little Rock, Arkansas, to settle two questions; namely, (A) the age limits within which firemen and policemen may enter the service of the respective departments; and (B) whether the commissioners of the Little Rock Policemen's and Firemen's Civil Service Act can hold other offices of public trust and still serve as commissioners of these departments. The chancery court divided the cause of action and transferred the question designated (B) above to the Pulaski circuit court over the objections of appellants, and the same is now pending there.

"With reference to question (A), the age limits, the chancellor sustained a demurrer to the complaint. In sustaining the demurrer, the court held that a person is not over thirty-one or forty-five years of age until he reaches his thirty-second or forty-sixth birthday anniversary. It is the theory of appellants that only persons are eligible who have had their twenty-first birthday, and on the date that they arrive at their thirty-first birthday anniversary they become ineligible for employment in the fire department, and on the date they arrive at their forty-fifth birthday anniversary they become ineligible for employment in the police department. This appeal is taken to settle the question of what is meant by the

language: 'or who is over thirty-one (31) or forty-five (45) years of age.' "

Appellants, M. H. Allen and R. L. Gresham, are members of the Little Rock Police and Fire Departments respectively, and as such receive certain benefits under the civil service system established by Act 28 of 1933. That act, among other things, provides: "that no person shall be eligible for appointment to any position on the fire department who has not arrived at the age of 21 or who is over 31 years of age; and no person shall be eligible for appointment on the police department affected by this act who has not arrived at the age of 21 years or who is over the age of 45 years."

The complaint of appellants alleged that appellees have certified "people as regular members of the respective police and fire departments who are older than thirty-one years but have not reached their thirty-second birthday anniversaries, and older than forty-five years but have not reached their forty-sixth birthday anniversaries, etc." The truth of this allegation is, by the demurrer, conceded. As indicated, the sole question presented is the intended and proper meaning to be given to the statutory requirement, *supra*, that employees be not "over 31 years of age" or not "over the age of 45 years."

As noted above, the trial court, in sustaining the demurrer, held that a person is not over 31 or 45 years of age until he reaches his thirty-second birthday on the one hand, or his forty-sixth birthday on the other. We are clearly of the view that this holding is correct, is generally recognized, and therefore the act in question authorized the employment of persons in the fire department of the city of Little Rock until they reach their thirty-second birthday and the employment of persons in the police department until they reach their forty-sixth birthday.

In the case of *Wilson* v. *Mid-Continental Life Insurance Company of Oklahoma City,* 159 Okla. 191, 14 Pac. 2d 945, 84 A. L. R. 386, the Supreme Court of Oklahoma

had before it a case wherein the insurance company had issued a policy of life insurance providing, among other things, that it should not cover any person "over the age of 65 years." The insured there reached his sixty-fifth birthday February 22, 1928, and died October 19, 1928, nearly eight months later. The insurance company resisted payment on the ground that the insured was over the age of 65 years. The Supreme Court there said: "The only provision or reference as to age limit pro-vided in the policy is: 'Sec. 17. The insurance under this policy shall not cover any person under the age of eighteen nor over the age of sixty-five years.' In construing § 2, chap. 32, Sess. Laws 1925, with reference to age limit which reads as follows: 'Article III. Shall state the objects of the association and the plans by which these objects are to be carried out, including the extreme limit of age of persons to whom benefit certificates may be issued, which limit of age shall not exceed fifty-five (55) years,' in the case of *Watson* v. *Loyal Union Life Ass'n,* 143 Okla. 4, 286 P. 888, this court said in the syllabus: 'A person is not over 55 years of age, within the meaning of § 2, chap. 32, S. L. 1925, until he arrives at the age of 56.' And in the body of the opinion this court said: 'A person is ordinarily not considered over 55 years of age until he arrives at the age of 56. It may safely be said that it is universally so under-stood.' . . . We are of the opinion that in constru-ing the ordinary and generally accepted meaning of the language used in the policy, fractions of a year should not be considered, and that the insured having not reached his sixty-sixth birthday at the time of the acci-dent and death, that he was therefore not 'over the age of 65 years,' and that the policy was in force at the time of his death, and that the demurrer should have been overruled, etc."

Finding no error, the decree is affirmed.

McFADDIN, J., concurs.