ANNIE GREEN v. PATRIOTIC ORDER SONS OF AMERICA, INC.; FUNERAL BENEFIT ASSOCIATION OF THE STATE CAMP OF NORTH CAROLINA, PATRIOTIC ORDER SONS OF AMERICA, INC.

(Filed 13 April, 1955.)

**1. Burial Associations § 4c: Time—**

The word "year" means twelve calendar months, G.S. 12-3 (3), and will be given this meaning in the interpretation of the by-laws of a burial association.

**2. Same—**

A person is "over" fifty years of age when he has passed his fiftieth birthday, and therefore under the provisions of a burial association that a member cannot be reinstated except as a new member, and that the qualifications for membership should be that the applicant be not less than sixteen years of age nor over fifty years of age, the reinstatement of a member after he had passed his fiftieth birthday upon the erroneous statement of the date of his birth, is not binding on the association in the absence of waiver.

**3. Waiver § 2—**

Waiver is the intentional relinquishment of a known right, and there can be no waiver unless so intended by one party and so understood by the other, unless one party has acted so as to mislead the other.

**4. Burial Associations § 4c—**

The by-laws of a burial association prescribing the maximum age at which a person might join or reinstate his membership is not waived by the reinstatement of membership upon a misstatement of age in the application.

BARNHILL, C. J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *McSwain, S. J.,* at December Term 1954, of CABARRUS.

Civil action to recover funeral benefits allegedly accruing to plaintiff as widow of George Thomas Green, upon his death while enrolled as a member of defendant Patriotic Order Sons of America, Inc., Washington Camp No. 20.

The parties waived a jury trial and agreed that the court should hear and determine all questions of fact and law presented by the action. And the cause being heard on the complaint and answer and stipulations entered into by the parties as follows:

"STIPULATIONS:

"(For clarity and brevity, George Thomas Green is referred to hereafter as Green; Patriotic Order of Sons of America, Inc. is referred to as P. O. S. of A.; Funeral Benefit Association of the State Camp of North Carolina, Patriotic Orders Sons of America, Inc., is referred to as Funeral Benefit Association; and Washington Camp No. 20, Patriotic Sons of America, Inc., is referred to as Washington Camp.)

"(1) Green was born on February 12, 1894 and died on October 28, 1951.

"(2) Plaintiff Annie Green is the widow of Green and his legal dependent.

"(3) Green was enrolled as a duly qualified member of Washington Camp on May 19, 1934, at which time his date of birth was reported to Funeral Benefit Association by Washington Camp as February 12,

1894; that his membership then continued until May 21, 1941, when it was terminated for non-payment of dues.

"(4) Green was again enrolled as a member of Washington Camp on June 20, 1944, at which time his date of birth was reported to Funeral Benefit Association by Washington Camp as February 12, 1895.

"(5) Green continuously paid regular dues after June 20, 1944, until the date of his death, and to December 31, 1951, and was carried on the roll as a member of Washington Camp No. 20 at the time of his death.

"(6) Washington Camp was duly affiliated with defendant Funeral Benefit Association prior to May 19, 1934, and has continued as a duly affiliated camp to the present.

"(7) During the period of membership of Green in Washington Camp from May 19, 1934, until May 19, 1941, and from his re-enrollment on June 20, 1944, until the death of Green, Washington Camp paid the full required funeral benefit assessments for him to defendant Funeral Benefit Association; that Green was entered upon the rolls of the Funeral Benefit Association during these periods of time and at his death.

"(8) The laws of the Funeral Benefit Association, State Camp of North Carolina, are those appearing in printed pamphlet dated 1932 and marked Exhibit A. Among the by-laws of Funeral Benefit Association there are the following provisions:

" 'Article III, Sec. 3 . . . This Camp hereby further agrees to make no claim on your Association for Funeral Benefits in case of the death of any member of this Camp: (f) If said member had been received to membership in the Camp and his name enrolled in the Funeral Benefit Association in violation of the laws and decisions of the Order . . . This Camp further agrees that it shall be estopped from pleading in any court that it or any of its officers are agents of the State Camp or Funeral Benefit Association.

" 'Article III, Sec. 4. The qualifications for membership of persons in Camps belonging to this Association shall be that they are not less than sixteen years of age nor over fifty years, and in good sound bodily health and in good physical condition at the time of application for membership in this Association . . .

" 'Article III, Sec. 5. But after said Camp has been enrolled as a member of this Association there shall not be received by this Association the name of any member of said Camp if over the age of fifty years . . .

" 'Article VI, Sec. 3. Members of Camps in the Association who have been dropped from the roll of such Camp cannot be re-entered upon the rolls of this Association, except as new members . . .

" 'Article XII, Sec. 1. The Funeral Benefit payable by the Association, upon the death of a member of a Camp, holding membership and

in good standing in this Association, shall be as prescribed in the following sections of this Article, provided, that the death of such member was not caused by or originated from intemperance, vicious or immoral conduct; and provided further, that the laws of this Association have been fully complied with.

" 'Sec. 2. No Camp shall receive funeral benefits from this Association in the following cases: (h) for the death of a member whose name was illegally enrolled in this Association, as provided by the laws of the Order.

" 'Article XVII, Sec. 1. No Camp nor any of its officers or members shall have the power to waive any of the provisions of these laws and the same shall be binding upon the Funeral Benefit Association and each and every camp thereof and all legal dependents of deceased members of such Camps.'

"(9) That at the time of his enrollment on both occasions Green was in good sound bodily health and in good physical condition.

"(10) That Washington Camp, defendant P. O. S. of A., and defendant Funeral Benefit Association were duly notified of the death of Green, due proof of death was submitted, and claim for death benefit made.

"(11) Plaintiff, as the widow and legal dependent of Green, is entitled to receive $500.00 as a death benefit from defendants by reason of Green's death as a member of defendants, if said death benefit is payable.

"(12) The death benefit is payable to plaintiff by defendants contingent only upon the legal questions raised by the pleadings concerning Green's age.

"(13) The total amount of assessments collected by Funeral Benefit Association from the camp on account of the enrollment of George T. Green from June 20, 1944 until October 28, 1951, was $47.55, which said amount was refunded by Funeral Benefit Association to camp, and has been tendered by said camp to the plaintiff herein."

And the court being of opinion therefrom that the plaintiff is not entitled to recover in this action entered judgment that plaintiff take nothing by her action, and that it be dismissed.

Plaintiff excepts to the conclusions of the court and to the judgment entered, and appeals to the Supreme Court and assigns error.

*John Hugh Williams for plaintiff, appellant.*

*Hugh G. Mitchell, Hartsell & Hartsell, and William L. Mills, Jr., for defendant, appellee.*

WINBORNE, J.   Upon the stipulated facts of the case in hand, as shown in the record on appeal, and as hereinabove set forth, two questions arise for decision on this appeal:  (1) Was Green "over the age of fifty years" on 20 June, 1944, the date on which he was re-enrolled as a member of a Funeral Benefit Association within the meaning of the by-laws of the association?

(2) If so, did the Funeral Benefit Association waive such age requirement?

The first question merits an affirmative answer, and the second a negative one.

In connection with the first question, admittedly on 20 June, 1944, Green had passed his fiftieth birthday by four months and eight days. But appellant contends that Green was "not over fifty years of age" until he reached his fifty-first birthday.   On the other hand, appellees contend that Green was "over fifty years of age" after he had passed his fiftieth birthday.

Appellant cites in a support of her position two cases decided by the Supreme Court of Oklahoma, *Watson v. Loyal Union Life Association,* 143 Okla. 4, 286 P. 888, and *Wilson v. Mid-Continent Life Ins. Co.,* 159 Okla. 191, 14 P. 2d 945, and Annotations 84 A.L.R. 389, also 67 C.J.S. 541, 29 Am. Jur. 454 Insurance Sec. 558.

Appellees cite in support of their position the case of *Bay Trust Co. v. Ins. Co.,* 279 Mich. 248, 271 N.W. 749.

And upon examination of the annotations and texts above cited, it appears that the two Oklahoma cases and *Allen v. Baird,* 208 Ark. 975, 188 S.W. 2d 505, are the bases for the text that "it has been held generally that a person is not over a specified age in years until he has passed his birthday next beyond the age specified," as contended for by appellant.   The principle so stated is not convincing.

Moreover, the Michigan case, *supra,* is the basis for the text that "it has been stated that a person is over the age of sixty years when he has lived in excess of sixty calendar years" as contended by appellees.   This principle is consonant with the views of this Court.

However neither party cites a case, nor has this Court found any in this State, treating of the particular question thus raised.

Statutes of a kindred nature, in this State, and decisions of this Court pertaining to related matters, lend light to the subject, and point the way to a reasonable and satisfactory conclusion.

In this connection it is appropriate to note that the words "over" and "years" in the phrase "not over fifty years of age" have ordinary meaning, and are in common use.   "Over" means "beyond or above, or in excess of a certain quantity or limit, as boys of 12 years and over." 67 C.J.S. 540.

And in respect to the word "year" it is noted that our General Assembly has adopted appropriate rules for construction of statutes, among which is G.S. 12-3, that "in the construction of all statutes the following rules shall be observed, unless such construction would be inconsistent with the manifest intent of the General Assembly, or repugnant to the context of the same statute, that is to say . . .

"3. . . . The word 'month' shall be construed to mean a calendar month, unless otherwise expressed; and the word 'year,' a calendar year, unless otherwise expressed; . . ."

And this Court has held that a calendar month contains the number of days ascribed to it in the calendar, varying from twenty-eight days to thirty-one. *S. v. Upchurch,* 72 N.C. 146. The Court has also held that the word "year" will be interpreted to mean twelve calendar months. *Muse v. London Assurance Corp.,* 108 N.C. 240, 13 S.E. 94. See also *Shaffner v. Lipinsky,* 194 N.C. 1, 138 S.E. 418.

Moreover it is significant that the General Assembly of North Carolina has enacted legislation pertaining to fraternal benefit societies, Article 28, Sub-chapter VII, Chapter 58, of General Statutes, in Section G.S. 58-279 of which it is declared that "any society may admit to beneficial membership any person not less than sixteen and not more than sixty years . . ."

In interpreting this statute, manifestly the definition of the word "year" as set out in the statute, G.S. 12-3 (3) would be appropriate. Likewise in interpreting a by-law of a funeral benefit association, the word "year" should have like meaning.

Therefore this Court holds that when a person reaches his fiftieth birthday he would have lived fifty calendar years, of twelve calendar months each. Hence after his fiftieth birthday he would be over fifty years of age.

Now, as to the second question. "Waiver is the intentional relinquishment of a known right. It is usually a question of intent; hence knowledge of the right and intent to waive it must be made plainly to appear . . . There can be no waiver unless so intended by one party and so understood by the other, or unless one party has so acted as to mislead the other. 2 Herman on Estoppel, Sec. 825." *Brady v. Benefit Asso.,* 205 N.C. 5, 169 S.E. 823.

In the light of the by-laws Article VI, Sec. 3, Article XII, Section 2, and Article XVII, Section 1, hereinabove quoted, it is clear that the Funeral Benefit Association has not waived the age requirement as to Green.

For reasons stated the judgment below is hereby
Affirmed.

BARNHILL, C. J., took no part in the consideration or decision of this case.