**In the Matter of the Application of John SMITH, Jr., for writ of habeas corpus.**

**No. 12872.**

Court of Criminal Appeals of Oklahoma.

May 3, 1960.

Elmore Page, Tulsa, for petitioner.

Robert D. Simms, County Atty., Tulsa County, Tulsa, for respondent.

BRETT, Judge.

This is an original petition for habeas corpus, brought by John Smith, Jr., 18 years of age. He alleges that he is being unlawfully denied bail on a charge of first degree rape, T. 21, § 1114, O.S.1951, after a former conviction. He says that under T. 21, § 51, O.S.1951, the restraint is unlawful in this, that although the person with whom he had the unlawful sexual intercourse was only 13 years of age, he is not yet over the age of 18 years since he has not yet reached his 19th birthday, hence, the crime charged would not be rape in the first degree, but instead, rape in the second degree, a bailable offense.

To this petition the State made response denying that the case was a bailable offense since the defendant had passed his 18th birthday and was therefore over 18 years of age.

Age is an important factor in rape cases. Under the statutes, the pertinent part of the statute herein involved reads as follows:

"Rape committed by a male over eighteen years of age upon a female under the age of fourteen years * * is rape in the first degree * * *."

This is a case of first impression in so far as the question as applied to penal statutes, and the clause "over the age of" certain years, is concerned. Petitioner cites in sup-

port of his contention two cases from the Supreme Court of Oklahoma construing the term "over the age of". Watson v. Loyal Union Life Association, 143 Okl. 4, 286 P. 888, and Wilson v. Mid-Continent Life Ins. Co., 159 Okl. 191, 14 P.2d 945, 84 A.L.R. 386, and Annotations 84 A.L.R. 389, also 67 C.J.S., p. 541; 29 Am.Jur. 454, Insurance, § 558.

These cases hold that in construing an insurance contract, a person is not over a specified age until he has passed his birthday next, beyond, the age specified.

The State relies upon the cases of Bay Trust Co. v. Agricultural Life Ins. Co., 279 Mich. 248, 271 N.W. 749, and Green v. Patriotic Order Sons of America, 242 N.C. 78, 87 S.E.2d 14.

The foregoing cases all involved the construction or intent of the parties to an insurance contract. As to the Oklahoma Decisions, applied therein, was the well-recognized principle of construction in such matters, that where "the policy * * * is susceptible of two constructions, that one is adopted which is most favorable to the insured." In order to effect the contractual intent of the parties, the Oklahoma Supreme Court said, "It should be considered in years, as used in the policy, and not fractional parts thereof." Hence, those cases must be considered not as generally applicable to the body of the law, but in light of the specific setting and the interpretive objective therein sought.

Nevertheless, the Bay Trust Co. v. Agricultural Life Ins. Co. case, supra, contains logic applicable to the situation confronting us in the case at bar. Therein it was said that [279 Mich. 248, 271 N.W. 750]:

"* * * A year is a unit of time, a foot a unit of distance, and a pound a unit of weight. The deceased had lived over, beyond, above, or in excess of the age of 60 calendar years viz., 60 years, 2 months, and 10 days, when he came to his death. The record does not show his height and weight. It would involve strange reasoning to assure that if he were five feet 10½ inches tall that

he was not over 5 feet, or that if he weighed 175 pounds that he did not tip the scales at any point over 100 pounds. If this opinion with respect to the claim of the beneficiary is 1,975 words in length, it would be likewise strange to claim that it is not over 1,000 words in length."

In Green v. Patriotic Order Sons of America, supra, following the Michigan case, it was said [242 N.C. 78, 87 S.E.2d 17]:

" * * * This Court holds that when a person reaches his 50th birthday he would have lived fifty calendar years, of twelve calendar months each. Hence, after his fiftieth birthday he would be over fifty years of age."

It has been held that "a legislative construction in one act of the meaning of certain words is entitled to consideration in construing the same words in another act." 82 C.J.S. Statutes § 360, p. 791, note 75. Now we turn to the Statute Title 26, § 61, O.S.1951, dealing with qualifications of electors in Oklahoma, wherein, among other things, one qualification is that persons who are— "over the age of twenty-one years * * *" are eligible to vote. Surely no one would be so bold, in face of the long custom and usage, in that connection, to assert that before a person would become eligible to vote he would have to have reached his 22nd birthday. If such were true, to qualify as an elector one would have to be 22 years of age. Such interpretation would amend the clear intent of the Statute by unusual interpretation. To so hold would be absurd, but it would be no more absurd than to contend, as the defendant does, that "over the age of 18" means beyond the 19th birthday. Such reasoning would defy logic and repeal long standing custom and usage. We are, therefore, of the opinion that in light of common sense, as applied in this case, when one reaches the age of 18 years he is "over the age of 18."

To follow the Oklahoma Supreme Court decisions in this instance would constitute a departure from long standing custom and usage and do violence to the established law, applicable in the case at bar, and in a hundred situations where the statutes employ the term "over the age of" specified years. The cases are clearly distinguishable on the basis as herein before indicated. In the previous cases cited the Courts are concerned with the intent of the parties to contractual obligations, and the rules of construction applicable thereto, while here we are concerned with Legislative intent, which we believe is so well established that no useful purpose could be served in the field of Criminal jurisprudence to disturb the unquestioned and generally accepted interpretation of the terminology herein questioned.

It is suggested by the State that to raise the question in this proceeding is premature since the question of whether defendant is under the age of 18 years is a matter of defense. Such has been the holding of this Court for a long time. Allen v. State, 28 Okl.Cr. 214, 230 P. 277; Brasel v. State, 48 Okl.Cr. 403, 291 P. 807, and McManus v. State, 50 Okl.Cr. 354, 297 P. 830.

It is therefore our conclusion, that, where reference is made in the penal statutes to a "male over eighteen years of age", that any fractional part, or the first moment, of the 18th birthday is the drawing line and constitutes him over 18 years of age, and brings him within the meaning of the provisions of (T. 21, § 1114, O.S.1951). The petitioner accordingly stands charged with first degree rape, a nonbailable offense. The writ is accordingly denied.

POWELL, P. J., and NIX, J., concur.