FALLOWFIELD ET AL. *v.* STATE EX REL. BRENTLINGER.

[No. 29,726.  Filed May 17, 1960.]

*Johnston & Mankin,* of Terre Haute, for appellants.

*N. George Nasser* and *Charles K. McCrory,* both of Terre Haute, for appellee.

LANDIS, J.—Relator was appointed by the board of works to the fire department of the City of Terre Haute, and thereafter brought this suit in mandamus to compel appellants, who are members of the Firemen's Pension Fund of said city, to accept relator as a member of said Firemen's Pension Fund of said city. In his complaint relator alleged he was not over the age of 35 years when appointed to the fire department; that appellants ordered relator to be examined by physicians designated by them pursuant to statute, and that relator was examined by the aforesaid physicians and found physically fit and qualified to perform the duties of a fireman of said fire department, but that appellants arbitrarily refused to place relator on the pension roll as a member of said pension fund. Appellants filed answer, and the lower court after hearing evidence entered a finding and judgment for relator. Appellants on this appeal assign as error the overruling of their motion for new trial.

The evidence is undisputed that relator on his 35th birthday was appointed to the fire department, that relator was sent by appellants to be examined by three doctors designated by appellants, who submitted reports that in their opinion relator was physically and mentally capable of performing the duties of a fireman.

Appellants first contend that they are not required to follow the physicians' examination and that the evidence showed relator was receiving from the United States Government a war veteran's disability pension of 30 per

cent for battle fatigue, and that appellants as trustees of the pension fund could determine for themselves whether relator had passed the examination.

The statutes governing the Firemen's Pension Fund and the duties of the trustees in relation thereto are as follows:

". . . The said board of trustees shall have the management and control of the said firemen's pension fund and of all matters therewith legitimately connected. . . . The board shall have power to adopt and enforce such by-laws as may be necessary to enable it effectively and properly to carry into execution the purposes for which it was organized. . . ." Burns' §48-6502 (1950 Replacement), being Acts 1905, ch. 129, §183, p. 219.

"The board of trustees shall have the management and control of the firemen's pension fund of such city and of all matters lawfully connected therewith. . . . The board is herby authorized to adopt and enforce such by-laws, not in conflict with any of the provisions of this act, as may be deemed necessary to enable it effectively and properly to carry into execution the purposes for which it was organized. . . ." Burns' §48-6519 (1950 Replacement), being Acts 1937, ch. 31, §2, p. 156; 1945, ch. 79, §1, p. 172.

"No person who is over the age of thirty-five [35] years or who fails to pass the physical examination required by the board of trustees shall be appointed, reappointed or reinstated as a member of the fire force of any city contemplated in this act. . . ." Burns' §48-6532 (1950 Replacement), being Acts 1937, ch. 31, §15, p. 156.

"No person shall be appointed to the fire force who is not eligible to membership in the firemen's pension fund of such city." Burns' §48-6543 (1950 Replacement), being Acts 1937, ch. 55, §4, p. 301.

We are unable to agree with appellant's contention that under the above statutes appellants as trustees of

the pension fund could, after they had designated three doctors to examine relator who thereupon turned in a favorable medical report, then determine for themselves whether relator had passed the examination.

There is no suggestion in this case that appellants-trustees attempted to require relator to submit to a physical examination performed by themselves, as they were obviously incapable of conducting such an examination.[1] Instead they designated three doctors pursuant to the statute to perform the examination and after relator passed the examination appellants seek to attack or impeach the results of the examination they authorized by introducing evidence that relator was receiving a 30 per cent disability pension from the Veterans Administration. Appellants under the statute, as amended in 1951[2] had no authority to do this as they were simply empowered to require relator to submit to physical examination.

We believe this case is somewhat comparable to the case of *State ex rel. Bolden* v. *Johnstone* (1937), 211 Ind. 281, 287, 6 N. E. 2d 706, 709, involving a policeman's eligibility to participate in the Police Pension Fund where this Court stated:

"... When he submitted himself for the examination and was found to be in good health, he then

---

1. Burns' §48-6519 (1950 Replacement), being Acts 1937, ch. 31, §2, p. 156; 1945, ch. 79, §1, p. 172, specifies that the board of trustees shall be composed of the mayor, chief of the fire force and four members of the fire department, and it is inconceivable that the legislature intended a board consisting entirely of laymen should conduct the physical examination.

2. Prior to the amendment of 1951, the board of trustees of the Firemen's Pension Fund could not only require and provide for a medical examination of applicants for employment in the fire department, but said board could also accept or reject any such applicant as a member of the pension fund, and their decision was stated to be final and conclusive. See: Burns' §48-6506 (1950 Replacement), being Acts 1905, ch.129, §187, p. 219; 1913, ch. 52, §1, p. 106; 1921, ch. 190, §1, p. 495; 1925, ch. 16, §2, p. 26.

brought himself within the provisions of the act, and was entitled to all the benefits thereunder. . . ."

It is true the policemen's fund statute involved in the Johnstone case is more specific as to the effect of the physician's or surgeon's examination in stating:

"If . . . such surgeon shall certify that such member is in good health, mentally and physically, . . . such member and his dependants shall be entitled thereafter to share in all the benefits. . . ." Burns' §48-6402 (1933), being Acts 1925, ch. 51, §2, p. 167.

However, we believe this difference is immaterial in the case before us, as here the trustees only were given authority to require the physical examination, which did not give the trustees authority to reject or review the result of that examination or to superimpose their judgment for that of the physicians who conducted the examination.

The case before us is clearly distinguishable from the recent case of *Kaplan et al.* v. *State ex rel.* (1960), 241 Ind. —, 164 N. E. 2d 645, where this Court held the plumbing board which was given authority by ordinance to give examinations for applicants for plumbing licenses, could not be mandated to perform an act lying wholly within its discretion and judgment in giving relator a plumbing examination under the law, so long as the board acted legally and within the limits of its power and its decision was supported by substantial evidence, and was not fraudulent, capricious or arbitrary. Similarly in the case before us, the physicians or doctors could not be mandated in the proper area of their discretion or judgment within the limitations above expressed in their conduct of the physical examination, but such immunity from mandamus does not extend to appellants who had nothing to do with

the conduct of the examination by the doctors. Appellants simply had authority under the law to require a medical examination—not to pass judgment on or review the examination held by the doctors. There was no area of discretion or judgment within which appellants could review the action of the doctors. They were simply a ministerial board in this respect.

We now pass on to the remaining contention of appellants that relator was not qualified because at the time of his appointment (which was on his 35th birthday) he was 35 years and one day old and therefore was "over the age of thirty-five [35] years" as forbidden by Burns' §48-6532, *supra*.

Appellants rely chiefly on the case of *Gingerich* v. *State* (1950), 228 Ind. 440, 93 N. E. 2d 180, which was a criminal prosecution of a parent for allegedly violating the compulsory attendance law[3] which required children "between the ages of seven to fifteen years inclusive" to attend school. The Court in reversing the judgment of conviction observed that penal statutes are to be strictly construed, and stated (p. 448 of 228 Ind., and p. 183 of 93 N. E. 2d) :

> "It is to be remembered that a child when born is in its first year, and at the end of that year is one year old, and so on until he arrives at his fourteenth anniversary, and is then in his fifteenth year. At the end of that year he becomes fifteen years of age, and immediately thereafter starts into his sixteenth year. The statute is not ambiguous in designating the age limit between the ages of seven and fifteen years. The word 'inclusive' can only mean the years between the seventh and fifteenth years, and would include the seventh anniversary of a child's birth, and the fifteenth anniversary of his birth, and would not include the period between his fifteenth and sixteenth year. . . ."

3. Burns' §28-505b (1949 Cum. Supp.), being Acts 1949, ch. 238, §§1-9, p. 789. (Since repealed.)

Not only does the rule of strict construction not apply to the case before us, but we cannot see how the facts of the cited case are comparable to the case at bar as in the cited case it was conceded the child had passed his fifteenth birthday, whereas in the case before us relator was appointed on his 35th birthday. Moreover, the Gingerich case interprets the words "between the ages of seven to fifteen years inclusive" to include the fifteenth birthday anniversary, and therefore the case cannot be an authority that relator's 35th birthday anniversary (when the appointment was made) puts him "over the ages of thirty-five [35] years."

While the contention made here by appellants appears never to have been submitted to the courts of Indiana for decision, the question is discussed in an official opinion of the Attorney General of Indiana (Op. Atty. Gen., 1956, p. 154), and we quote in part therefrom:

"Honorable W. O. Hughes
State Representative
403 Standard Building
Fort Wayne, Indiana

"Dear Representative Hughes:

"We have received your letter requesting an Official Opinion which raises the following question:

" 'Can a man who has reached his thirty-fifth birthday but who has not reached his thirty-sixth birthday when appointed to the Fire Department be eligible to participate in the pension system of the Fire Department in cities operating pension funds under the provision of Chapter 31, Acts of 1937, as amended.'

. . . . . .

"I call your attention to the fact that the language of Burns' 48-6532, *supra,* has never been construed by the Indiana courts. There are cases, however, in other jurisdictions which have clearly found language of identical import to mean that the disqualification did not take effect until the

next following birth date: *Allen* v. *Baird* (1945), 208 Ark. 975, 188 S. W. 2d 505; *Wilson* v. *Mid-Continent Life Ins. Co. of Oklahoma City* (1932), 159 Okla. 191, 14 P. 2d 945, [84 A. L. R. 386]; *Watson* v. *Loyal Union Life Assn. of Muskogee* (1930), 143 Okla. 4, 286 P. 888.

"Applying the rule used in these cases to the question raised by your letter, I am of the opinion that providing the city in question comes under Burns' 48-6518 *et seq., supra,* then and in that event a fireman who has reached his thirty-fifth [35th] birthday, but has not reached his thirty-sixth [36th] birthday when appointed to the Fire Department, is eligible to participate in the Firemen's Pension Fund." See also the following case to the same effect: *Watkins* v. *Metropolitan Life Ins. Co.* (1942), 156 Kan. 27, 131 P. 2d 722.

We believe the authorities are decisive of the issue before us as to the eligibility of relator because of the appointment on his 35th birthday.

It is our conclusion that the appellants' failure and refusal to accept relator as a member of the Firemen's Pension Fund of said city was not warranted in law but was arbitrary and capricious and that the lower court properly held for relator in the mandamus proceedings brought to compel appellants to perform their ministerial duty under the statute. See: *State ex rel. Donahue* v. *Bd. of Tr. Firemen's Pen. F.* (1937), 211 Ind. 643, 7 N. E. 2d 196; *Kern, Mayor* v. *State ex rel. Bess* (1937), 212 Ind. 611, 10 N. E. 2d 915.

Judgment affirmed.

Jackson and Achor, JJ., concur.

Arterburn, C. J., and Bobbitt, J., concur in result.

NOTE.—Reported in 167 N. E. 2d 44.