**Tyrone FARROW, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Oct. 8, 1969.

Bernard Balick, of Aerenson & Balick, Wilmington, for appellant.

John P. Daley, Deputy Atty. Gen., Wilmington, for the State.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice.

This is an appeal from the Superior Court of a conviction under 11 Del.C. § 468A of the possession of a deadly firearm during the commission of a felony. The sole point made in the appeal is that Tyrone Farrow, the appellant, was improperly charged and tried in the Superior Court.

At the time of the commission of the offense of which Farrow was convicted, he had passed his sixteenth birthday, but had not attained his seventeenth birthday. 11 Del.C. § 468A(c) provides:

"(c) Every person charged under this section over the age of 16 years shall be tried as an adult, notwithstanding any contrary provision of statutes governing the respective Family Courts or any other State law."

It is argued on Farrow's behalf that since § 468A(c) is a criminal statute, it must be strictly construed to exclude from trial as an adult a person who has passed his sixteenth birthday but on the date of the offense * has not attained his seventeenth birthday. Cited in support are Wilson v. Mid-Continental Life Ins. Co., 159 Okl. 191, 14 P.2d 945, 84 A.L.R. 386; Allen v. Baird, 208 Ark. 975, 188 S.W.2d 505, and Fallowfield v. State ex rel. Brentlinger, 240 Ind. 2d 543, 167 N.E.2d 44.

We approach the construction of § 468A (c) in the light of the dictate of 1 Del.C. § 303, which requires that statutory language shall be "construed according to the common and approved usage of the English language." See Haddock v. Board of Public Education, 32 Del.Ch. 245, 84 A.2d 157; Rash v. Allen, 1 Boyce 444, 76 A. 370.

---

* The question of whether or not 11 Del.C. § 468A(c) refers to the age of the defendant on the date of the offense, or on the date he is charged has not been raised by the State. The view we take makes it immaterial in this appeal.

In common usage, a child becomes one year old upon the first anniversary of his birth and, thus, becomes sixteen years old on the sixteenth anniversary of his birth. Before his sixteenth anniversary, he is therefore under the age of sixteen years and, after that anniversary, he is over the age of sixteen years.

We think the matter is plain and that we should not read something into the statute which, on its face, is not there. As a matter of fact, this plain construction of language is the rule of the majority of the States. See Annotation, 73 A.L.R.2d 874. We particularly approve the rule laid down in Knott v. Rawlings, 250 Iowa 892, 96 N.W.2d 900.

Farrow cites the *Mid-Continental* case, an insurance case in which it was held that for policy reasons of the insurance industry, a person is not over a certain age until he reaches his next birthday. This case was distinguished in Application of Smith (Okl.Cr.), 351 P.2d 1076, a criminal case in which the construction we prefer was adopted. There, the Oklahoma court distinguished application of the present question when applied to insurance contracts. It is a well recognized principle that where the policy is susceptible to two constructions, that one is adopted which is most favorable to the insured. For this reason, the court held that *Mid-Continental* should be considered not as generally applicable to the body of law, but in light of the specific setting and interpretative objective sought therein. · 351 P.2d 1076, 1077.

Allen v. Baird relied solely on *Mid-Continental* for its reasoning, and it is therefore similarly distinguished.

Upon a careful reading of Fallowfield v. State ex rel. Brentlinger, we find that the court's final position is left unclear. The only proposition which can be drawn with certainty is that a person is not over, in that case thirty-five, on the day of his thirty-fifth birthday anniversary. Since the day of Farrow's birthday is not the specific day in question, *Fallowfield* must be distinguished. In any event, we find the case to be unpersuasive.

The conviction is affirmed.