The Honorable Jay Bradford State Senator P.O. Box 8367 Pine Bluff, Arkansas 71611
Dear Senator Bradford:
This is in response to your request for an opinion construing the language of A.C.A. § 14-51-301 (Cum. Supp. 1991) regarding the age limit for employment in certain municipal fire departments.
Specifically, the statute provides that the board of civil service commissioners shall adopt rules and regulations providing that "[n]o person shall be eligible for appointment to any position on the fire department who has not arrived at the age of twenty-one (21) years or who is over thirty-one years of age." A.C.A. § 14-51-301(b)(1)(B)(i)(a). You indicate that a constituent of yours has passed his examination and interviews to be an employee of the Pine Bluff Fire Department. The individual in question had his thirty-first birthday on 5-17-92. The Pine Bluff Civil Service Commission interprets A.C.A. § 14-51-301 as rendering applicants ineligible one day after their thirty-first birthday. Your question therefore, is whether the person born May 17, 1961, is eligible for employment until his thirty-second birthday on May 17, 1993.
You note that it is your understanding that the City of Little Rock Civil Service Commission interprets the statute in the same fashion as Pine Bluff, but that the North Little Rock Commission interprets the statute so as to allow appointment to the fire department any time before the applicants thirty-second birthday. You also indicate that it is your understanding that a new federal court case exists which holds that this age limitation is not a valid criteria of employment.
It is my opinion that a person born 5-17-61 is eligible for appointment with the fire department until his thirty-second birthday on 5-17-93. This result is mandated by the Arkansas Supreme Court's ruling in Allen v. Baird, 208 Ark. 975,188 S.W.2d 505 (1945). The court, construing the language of Act 28 of 1933, which contains the language with regard to the thirty-one year age limit for firefighters and the forty-five year limit for appointment to the police department, stated as follows:
 As noted above, the trial court, in sustaining the demurrer, held that a person is not over 31 or 45 years of age until he reaches his thirty-second birthday on the one hand, or his forty-sixth birthday on the other. We are clearly of the view that this holding is correct, is generally recognized, and therefore the act in question authorized the employment of persons in the fire department of the city of Little Rock until they reach their thirty-second birthday and the employment of persons in the police department until they reach their forty-sixth birthday.
208 Ark. at 977.
It is therefore my opinion that applicants for appointment to the Pine Bluff Fire Department under A.C.A. § 14-51-301 are eligible until the date of their thirty-second birthday.
In response to your inquiry concerning recent federal case law striking down such age limitations, I have enclosed a copy of Op. Att'y Gen. 89-255, which addresses this issue. This opinion concludes that the thirty-one year age limitation for hiring fire fighters may be subject to challenge based upon the "Age Discrimination in Employment Act" or "ADEA."29 U.S.C. §§ 621-634. Subsequent amendments to this act, however, include an exception which allows states and political subdivisions to refuse to hire law enforcement officers or firefighters because of their age, if there was a state or local law on the books as of March 3, 1983, setting the relevant age limit.29 U.S.C. § 623(j). The relevant Arkansas provision was enacted in 1933 as a part of Act 28, and has been in force since that year. It appears, therefore, that the federal exception is applicable and validates the Arkansas statute.[1]
Additionally, courts faced with the question have upheld such statutes against constitutional challenges. See again Opinion89-255. It is therefore my opinion that the thirty-one year age limitation can lawfully be used as a criterion of employment.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] To my knowledge, no court has undertaken a review, on federal constitution grounds, of the new federal exception.