STATE of Delaware, Plaintiffs Below, Appellants,

v.

Curtis DEMBY, Defendants Below, Appellee.

No. 237, 1995.

Supreme Court of Delaware.

Submitted: Dec. 19, 1995.

Decided: Jan. 26, 1996.

Timothy A. Donovan, Jr. (argued), and John P. Deckers, Department of Justice, Wilmington, for Appellant, State of Delaware.

Joseph M. Bernstein (argued), and Joseph A. Gabay, Wilmington, for Appellee, Curtis Demby.

Before VEASEY, C.J., WALSH, and BERGER, JJ.

*PER CURIAM:*

This matter is before the Court on a certified question from the Superior Court. The issue presented is the construction of the statute prescribing the age of the victim as a statutory aggravating factor in a capital case. The statute, 11 *Del.C.* § 4209(e)(1)s., treats as a death penalty statutory aggravating factor the fact that the victim of the crime is "14 years of age or younger." This certified question is presented to this Court prior to trial because the State intends to rely, as an aggravating factor, on the fact that the victim

---

4. *See* Robert L. Stern, *When to Cross–Appeal or Cross–Petition—Certainty or Confusion,* 87 Harv. L.Rev. 763 (1974).

had reached his fourteenth birthday, but not his fifteenth birthday, at the time of the alleged murder.

Specifically, the certified question presented by the Superior Court and accepted for decision by this Court is as follows:

Does the Delaware Supreme Court's holding in *Farrow v. State*, Del.Supr., 258 A.2d 276 (1969), compel the conclusion that a child is "14 years of age or younger" from the date of the child's birth through the day of the child's fourteenth anniversary of birth, but not beyond, thus precluding the application of 11 *Del.C.* § 4209(e)(1)s. to any child who, at the date of that child's death, has passed the fourteenth anniversary of that child's birth but who has not yet reached the fifteenth anniversary of that child's birth?

The Court has determined that the certified question should be answered in the negative.

## I. FACTS

In its certificate, the Superior Court set forth the following undisputed facts:

(a) The date of the alleged offense was December 19, 1994.

(b) The alleged victim, Howard A. Brown, was born on June 6, 1980. On December 19, 1994, the date of the alleged offense, the victim was 14 years, 6 months and 13 days old.

(c) The defendant, Curtis Demby, was born September 13, 1972. On December 19, 1994, the date of the offense, the defendant was 22 years old.

(d) Defendant was more than four years older than the victim on the date of the offense.

(e) There are no facts in dispute with respect to the question of law certified.

## II. EFFECT OF A DECISION OF THIS COURT SITTING IN A PANEL ON A CERTIFIED QUESTION OF LAW IN A DEATH PENALTY CASE

As noted, the statutory aggravating circumstance under which the State seeks the death penalty, 11 *Del.C.* § 4209(e)(1)s., re-

quires that the victim be "a child 14 years of age or younger." This provision became effective July 14, 1994. No Delaware court has ever construed this phrase or its equivalent. Hence, it is a case of first impression.

The Court is sitting in a panel on this certified question of law. It is appropriate that a panel rule on such a certified question of law prior to trial, even in a death penalty case. Under Del. Const. Art. IV, § 12, and Supreme Court Rule 4, this Court is required to sit *en banc* in any case in which the accused shall have been sentenced to death. Obviously, the defendant has not been convicted or sentenced to death in this case because there has been no trial. The holding of the trial awaits the answer to the certified question. We need not decide what would happen in the event of a conviction and a sentence of death based upon this statutory aggravating factor. In that event, the effect of the decision herein on the certified question will be determined by the Court *en banc.*

## III. CONTENTIONS OF THE PARTIES

The State contends that the phrase "14 years of age or younger" is applicable to a child at any time before his or her fifteenth birthday. The defendant maintains that this statutory aggravating factor does not apply to a child once the child has passed the child's fourteenth birthday. As noted in the phraseology of the certified question, the defendant relies on *Farrow v. State*, Del.Supr., 258 A.2d 276 (1969), in which this Court interpreted the phrase "over the age of 16 years" as contained in former 11 *Del.C.* § 468A(c) (possession of a deadly firearm during commission of a felony).* In *Farrow,* this Court held that the defendant was properly tried as an adult for possession of a deadly firearm during the commission of a felony where the defendant had passed his sixteenth birthday. This Court held:

In common usage, a child becomes one year old upon the first anniversary of his birth and, thus, becomes sixteen years old on the sixteenth anniversary of his birth. Before his sixteenth anniversary, he is

---

* That former statute is now 11 *Del.C.* § 1447(d). It provides, in pertinent part, "[e]very person

charged under this section over the age of 16 years shall be tried as an adult."

therefore under the age of sixteen years and, after that anniversary, he is over the age of sixteen years.

*Farrow,* 258 A.2d at 277.

## IV. PRINCIPLES OF STATUTORY CONSTRUCTION APPLICABLE HERE

■ An elaborate exposition of the principles of statutory construction is not necessary here. Under 1 *Del.C.* § 303, statutes, including criminal statutes, "shall be construed according to the common and approved usage of the English language." Under 11 *Del.C.* § 221(c), a criminal statute shall have "its commonly accepted meaning, and may be defined as appropriate to fulfill the purposes of the provision as declared in § 201 of this title," which outlines the general purposes of the Criminal Code. If it is possible to do so, statutes must be construed to achieve a common sense result, a result which is in harmony with constitutional principles, and to avoid a construction which would lead to unreasonable or absurd results. *See Snell v. Engineered Sys. & Designs, Inc.,* Del.Supr., 669 A.2d 13, 20–21 (1995).

## V. APPLICATION OF PRINCIPLES OF CONSTRUCTION TO THE CERTIFIED QUESTION

■ The effect of the defendant's argument is that, in order for the statutory aggravating factor to apply, the victim would have to be murdered on the precise date of his or her fourteenth birthday or prior thereto. If the victim were murdered one day after his or her fourteenth birthday, the statute would not apply. This defies a common sense interpretation of the statute. In normal parlance, a person who has attained a certain birthday is known to be that age until that person's next birthday. Therefore, anyone who has attained his or her fourteenth birthday is known in common parlance to be fourteen years of age until that person has attained the fifteenth birthday. In our view, therefore, the statutory aggravating factor would apply here since the victim had reached his fourteenth birthday, but had not reached his fifteenth birthday.

*Farrow* does not compel a different result. There, the statute applied to *defendants* who were "*over* the age of sixteen years" (emphasis supplied). This phraseology is quite different from the current statute, which relates to a *victim* who is "fourteen years old *or younger*" (emphasis supplied). Unlike the statute at issue here, the statute in *Farrow* was essentially a "threshold" statute, which applied once the defendant had crossed the threshold of his or her sixteenth birthday. The court in *Farrow,* therefore, read the statute as applying to a person's age throughout the defendant's remaining life after crossing that threshold. The statute we are now construing, 11 *Del.C.* § 4209(e)(1)s., would not be applicable after the victim had reached his or her fifteenth birthday. As we construe the statute and apply it to the undisputed facts here, the victim was fourteen years of age, between his fourteenth birthday and his fifteenth birthday. *Farrow* does not speak to that issue. It speaks to an entirely different statutory framework, and therefore is distinguishable.

## VI. CONCLUSION

Accordingly, we hold that the certified question should be answered in the negative. This matter is remanded to the Superior Court for proceedings consistent with this Opinion. The mandate shall issue immediately. Jurisdiction is not retained.