No. 23,217.

RELLA LANE, *Appellee,* v. THE NATIONAL INDUSTRIAL INSUR-
ANCE COMPANY, *Appellant.*

### SYLLABUS BY THE COURT.

LIFE INSURANCE—*Terms of Policy—No Insurance if Death Occurs Dur-
ing First Year.* A life insurance company issued a policy which pro-
vided·that in the event of the death of the insured the company would
pay to the beneficiary a certain sum under a schedule, made a part of
the policy, which designated the sum to be paid at the end of any year
after the date of the policy for twenty years. The schedule provided
for the payment of $250 at the end of the first year. The insured died
four and one-half months after the policy was issued. *Held,* that the
company was not liable.

Appeal from Montgomery district court; JOSEPH W. HOL-
DREN, judge. Opinion filed June 11, 1921. Reversed.

*Chas. D. Welch,* of Coffeyville, for the appellant.

*Walter S. Keith,* and *Harold C. McGugin,* both of Coffeyville,
for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff recovered judgment on a policy
of life insurance, and the defendant appeals. On March 17,
1919, the defendant, a life insurance company, issued its life
insurance policy to J. A. G. Lane, in which his wife, the plain-
tiff, Rella Lane, was named as beneficiary. The insured died
on July 31, 1919; the defendant refused payment on the policy,
and this action was commenced.

1. One of the defendant's contentions, fatal to the plaintiff's
right to recover, is that "the policy sued on does not provide
for any death benefit where the death occurs prior to the end
of the first year." This contention is based on the following
language contained in the policy:

"The said company does hereby agree, in the event of the death of the
insured, subject to all of the terms, conditions, exceptions, agreements
and limitations contained herein, and in the application herefor, to pay to
Rella Lane, wife . . . the sum hereinafter stated, designated, and set
forth as payable at the end of the various years from the date of this

Lane v. Insurance Co.

policy for a period of twenty years, as death benefit under Schedule 'B' herein, if this policy shall have been kept in full force and effect."

The policy also provided that:

"At the expiration of any year after the first year, for a period of twenty years from the date of this policy, . . . this company will, . . . on the proper, legal and satisfactory assignment as collateral security for a loan, and delivery by the insured of this policy to the said company, loan the insured, on the last day of any one year after the first year, the sum hereinafter designated as the amount that will be loaned on this policy under the terms and conditions hereof at the end of the various years from the date of this policy, the sum set forth and stated in and under Schedule 'A' herein."

On the back of the policy appeared schedules "A" and "B" which for the first four and the twentieth years were as follows:

| "At the end of | Schedule 'A'<br>Cash Loan | Schedule 'B'<br>Death Benefit |
|---|---|---|
| 1 year ................ | None | $250.00 |
| 2 years .............. | $126.25 | 250.00 |
| 3 years .............. | 193.87 | 250.00 |
| 4 years .............. | - 264.50 | 290.00 |
| . . . . . . . . . . . . . . . | | |
| 20 years .............. | 1,802.50 | 1,828.00" |

It has been said that "contracts of insurance are to be construed where construction is permissible, most strongly against the insurer and in favor of the insured." (*Insurance Co. v. Milling Co.,* 69 Kan. 114, syl. ¶ 1, 76 Pac. 423; *Fire Association v. Taylor,* 76 Kan. 392, 91 Pac. 1070; *Bank v. Insurance Co.,* 91 Kan. 18, 137 Pac. 78; *Graff v. Insurance Co.,* 107 Kan. 648, 193 Pac. 356; 25 Cyc. 739.) But if the policy is not ambiguous there is no room for the application of this principle of interpretation. The courts cannot change insurance contracts any more than they can change other contracts. There is no ambiguity in this policy; it specifically and definitely provides that the $250 shall be paid at the end of the first year. There is no language in the policy, providing for the payment of any sum during that year. There is no liability if death should occur within the first year after the policy was issued. This conclusion is supported by the fact that under the policy there was no cash loan value for the first year, and is further supported by the fact that the investment feature of the policy is very prominent—at the end of the second year, and of each year thereafter

more money could be borrowed under the policy than would have been paid in as premiums.

The judgment is reversed, and the trial court is directed to enter judgment for the defendant.

MARSHALL, J. (dissenting): The meaning of the policy, as far as the first year of its operation is concerned, is not clear; but a fair construction would be that as it is a life insurance policy, it insures the life of the insured from the time it is issued, and that the $250 to be paid at the end of the first year is a limitation on the time of payment if death occurs during the first year, and not an exclusion of payment if the insured should die during that time. If the interpretation contended for by the defendant is correct, the policy would not take effect until the end of the first year so far as life insurance is concerned. That is not a reasonable construction of the language used. If we follow the rule of interpretation that has been adopted in other insurance cases, the conclusion must be reached that $250 should be paid at the end of the first year if the death of the insured should occur during that year.

JOHNSTON, C. J., joins in this dissent.