No. 35,578

CARL J. WATKINS, *Appellant,* v. THE METROPOLITAN LIFE INSUR-
ANCE COMPANY, *Appellee.*

(131 P. 2d 722)

Opinion filed December 12, 1942.

*C. Clyde Myers,* of Kansas City, argued the cause, and *Wm. B. Fogarty,* of Kansas City, was on the briefs for the appellant.

*Thomas M. Van Cleave,* of Kansas City, argued the cause, *E. S. McAnany, B. W. Alden, Willard Phillips* and *Bevan McAnany,* all of Kansas City, were on the briefs for the appellee.

The opinion of the court was delivered by

ALLEN, J.: This appeal involves two industrial insurance policies issued by appellee covering the life of a young girl, Agnes Fay Watkins. Appellee paid the face value of the two policies, together with accrued dividends, but refused to pay the accidental death benefits which under certain conditions were provided for in the policies. Appellant, father of the insured, began an action on each of the two policies to recover the accidental death benefits. The two actions were consolidated and tried to the court without a jury. After hearing the evidence of both parties the trial court sustained a demurrer to plaintiff's evidence. The demurrer had been filed at the end of plaintiff's evidence, but the court reserved its ruling thereon until after the introduction of defendant's evidence. Appellant, in this appeal, seeks to reverse the trial court's ruling on the demurrer.

The insured came to her death as a result of a fall on a tennis

court, and it is agreed her death was accidental within the meaning of the policies. The only reason assigned by defendant for refusing to pay the accidental benefits of the policies was that insured had not "attained the age of 15" at the time of her death as required by the policies. The wording of the two policies is substantially the same.

Agnes Fay Watkins was born September 22, 1919, and her death occurred August 20, 1934, when she was 14 years and 11 months of age.

The provision for accidental death benefit, as far as important, read:

"Industrial policy accidental death benefit. Upon receipt of due proof that the insured, after attaining age 15 and prior to attaining age 70, has sustained, after the date of this policy, bodily injuries, solely through external, violent and accidental means, resulting directly and independently of all other causes, in the death of the insured within ninety days from the date of such bodily injuries. . . ."

Both of the policies were issued after the insured had passed her tenth birthday and recited her age at that time as "Age next birthday, 11 years."

Plaintiff argues that because of this method of stating the insured's age at the time of the issuance of the policies, the insured's policy age was fifteen as soon as she passed her fourteenth birthday. We cannot agree with plaintiff. The policies by giving insured's age on her next birthday as eleven years did not state that she was eleven at the time of the issuance of the policies. The language seems to mean only just what it says—that her age on her next birthday would be eleven. The reason for using this method is explained by appellee to be to facilitate the stating of the age of a child who at the time of the issuance of a policy might be less than one year of age.

The usual understanding of the common phrase "attaining age 15" is undoubtedly that the person has reached his fifteenth birthday. True enough, one is living in his fifteenth year after his fourteenth birthday. We see nothing inconsistent between the method of stating insured's age at the time the policies were issued and in the provision for accidental death benefits as we have construed it.

Plaintiff brings to our attention the well-known principle of construction that in case of an ambiguity in an insurance policy, since the policy was written by the insurance company, its terms are to

be construed in favor of the insured and against the company. But there appears to be no ambiguity in the provision of the two policies under consideration. The words "after attaining age 15 and prior to attaining age 70" are all in common usage and seem to be entirely clear in meaning.

Webster's New International Dictionary, 2d ed., defines the word "attain" as follows: "To reach or come to by progression or motion; to arrive at; as, to *attain* a ripe old age."

If there be no ambiguity in the language of the insurance policies, the rule of construction relied upon by the appellant has no application and the language is to be understood according to its usual meaning. (*Bott v. Equitable Life Assur. Society,* 147 Kan. 671, syl. ¶ 2, 78 P. 2d 860; *Goldberg v. Central Surety & Ins. Corp.,* 145 Kan. 412, 420, 65 P. 2d 302; *Lane v. Insurance Co.,* 109 Kan. 296, 198 Pac. 948.)

We are further strengthened in our opinion that the meaning of the policies is clear from a consideration of the authorities which have come to our attention.

In *Gibson v. People,* 44 Colo. 600, 99 Pac. 333, the court was called upon to construe a statute which prescribed punishment for persons who contribute to the delinquency of a child as defined by law. The delinquent-child law provided that the words "delinquent child" shall include any child "16 years of age or under" who violates any law. The court said:

". . . It is obvious that the general assembly intended to fix some limit to the age of children affected by the statute—a point of time beyond which they no longer are amenable to its provisions. In one sense a child is sixteen years of age until it is seventeen; so also it is sixteen when it is eighteen; but, in the true sense, it is sixteen and over whenever it has passed beyond the first day of the sixteenth anniversary of its birth. Had it been the intention to include children up to the time they reach their seventeenth birthday, the general assembly would naturally have said 'children under seventeen years of age.' But when only those 'sixteen (16) years of age or under' were mentioned, it obviously meant what it said, namely, children 'sixteen (16) years of age or under,' not 'sixteen years of age and over.' If a statute prescribing the age limit read, 'over the age of fourteen years,' one fourteen years and six months old would not come within its provisions if the attorney general's contention is correct, because he would be only fourteen years of age, and not over fourteen, until he reached the fifteenth anniversary of his birth. And yet we apprehend no such construction would be put upon a statute so reading. A child is sixteen years of age on the sixteenth anniversary of his birth, and thereafter is over sixteen years of age. The alleged delin-

quent juvenile, being sixteen years and four months old at the time defendant is said to have contributed to his delinquency, was 'sixteen years and over,' not 'sixteen years or under,' hence was not a juvenile delinquent person within, the meaning of the statute." (p. 604.)

In *Watson v. Loyal Union Life Ass'n*, 143 Okla. 4, 286 Pac. 888, it was said:

"Defendant contends that the very moment one passes his or her 55th birthday, he or she is then over 55 years of age. If this contention be correct, the question naturally arises, at what period in a man's life would he be said to be only 55 years of age? He certainly would not be of that age until he reaches his 55th birthday. If the contention of defendant be correct, no one could legally give his age as 55 years one hour or one moment after he passes his 55th birthday. We cannot believe that the legislature intended that the act should be so construed, but, on the contrary, are of the opinion that the language used should be construed in its ordinary sense and be given its ordinary meaning. . . ." (p. 5.)

See, also, *Wilson v. Mid-Continental Life Ins. Co.*, 159 Okla. 191, 14 P. 2d 945; *Wheeler v. U. S. Casualty Co.*, 70 N. J. L. 370, 57 Atl. 124; *Krmicek v. Federal Life Ins. Co.*, 252 Ill. App. 232.

One more final point is strongly urged by plaintiff. It seems he was himself a former agent of the defendant insurance company. He testified that at the time he sold insurance for defendant he understood that the accidental death benefits under policies such as those under consideration became operative when the insured reached the age of fourteen years and six months. Two other former agents of defendant offered testimony as to their understanding of this matter at the time they were selling insurance for defendant. This evidence was objected to by defendant and the trial court heard it with the understanding that if he later came to the conclusion it was not admissible he would not consider it. The trial court in finding for defendant on the demurrer did not indicate whether he considered the above testimony to be admissible.

There was, of course, a provision in the policies which provided that the written contract should constitute the entire agreement between the company and the insured; that its terms could not be changed, or its conditions varied except by the express agreement of the company evidenced by the signature of its president or secretary; that agents, including managers and assistant managers, were not authorized to alter contracts, etc.

There was no testimony which indicated that plaintiff's erroneous understanding of the contract existed at or entered into the issuance

of the policies covering the life of his daughter. The plaintiff and the other former agents admitted that the instruction book for agents given to them by the company contained no such interpretation of the provisions of the accidental death clauses of the policies. In fact, the instruction book seems to give the opposite construction and to be in accord with the meaning which we attach to the words of the policies. The book recites in part: "If an accident causes death . . . the insured being between the ages of 15 and 69, inclusive, when injured, the company will pay . . ."

We are clear that whatever understanding the agents of the company may have had as to the meaning of the written contract, there is nothing in their testimony which would bind the insurance company to conditions and provisions contrary to those expressed in the written contracts of insurance. (*West v. Metropolitan Life Ins. Co.,* 144 Kan. 444, 61 P. 2d 918.)

We think a person attains the age of 15 on his 15th birthday, or the 15th anniversary of his birth, and not before. This is the clear meaning of the policies, and defendant's demurrer to plaintiff's evidence was properly sustained. The judgment is affirmed.