No. 39,698

Hazel M. Wyatt, *Appellant*, v. Security Benefit Life Insurance Company, *Appellee.*

(283 P. 2d 243)

Opinion filed May 7, 1955.

*Robert L. Brock,* of Topeka, argued the cause, and *Edward H. Sondker, Thomas R. Sewell, Ernest J. Rice,* and *Sidney C. Hunt,* all of Topeka, were with him on the briefs for the appellant.

*Clayton E. Kline* and *O. R. Stites, Jr.,* both of Topeka, argued the cause, and *M. F. Cosgrove, Robert E. Russell, Willard N. Van Slyck, Jr.* and *William B. McElhenny,* all of Topeka, were with them on the briefs for the appellee.

The opinion of the court was delivered by

Harvey, C. J.: This is an action upon an individual's certificate issued under a group life insurance policy issued by defendant covering the employees of the Security Benefit Clinic and Hospital. A jury was waived and the case was submitted to the court on stipulated facts. Judgment was rendered for defendant and plaintiff has appealed. The "Stipulation of Facts" reads:

"1. Plaintiff, Hazel M. Wyatt, is a resident of Shawnee County, Kansas; her address is 811 Topeka Boulevard, Topeka, Kansas.

"2. Defendant, Security Benefit Life Insurance Company, is a corporation organized and existing under the laws of the State of Kansas and was at all times hereinafter mentioned authorized to transact business in the State of Kansas as a mutual life insurance company; defendant's home office address is 700 Harrison Street, Topeka, Kansas.

"3. On the 18th day of December, 1950, the defendant executed and delivered to Security Benefit Clinic and Hospital, Topeka, Kansas, hereinafter referred to as the Employer, its Group Policy No. GL 2, thereby insuring the lives of certain employees of the Employer, a true and correct copy of which policy is attached to plaintiff's petition, marked 'Exhibit A,' and made a part thereof.

"4. That on the 15th day of March, 1951, the plaintiff's husband, Charles A. Wyatt, was an employee of the Employer and that on said date Certificate No. GL 132 was issued by the defendant to said Charles A. Wyatt evidencing that his life was insured in the amount of $5,000.00 under said Group Policy No. GL 2. That a true and correct copy of said certificate is attached to plaintiff's petition, marked 'Exhibit B,' and made a part thereof.

"5. Said Charles A. Wyatt was given two weeks' notice by the Employer that his employment would terminate on January 15, 1953. After January 15, 1953, said Charles A. Wyatt did not at any time physically work or perform any services for the Employer.

"6. Said Charles A. Wyatt died on February 17, 1953.

"7. When said Charles A. Wyatt physically ceased to work for the Employer on January 15, 1953, he had worked for the Employer for more than two years. He was paid by the Employer for each week to and including the week ending January 15, 1953, including three weeks during said period while he was on vacation.

"8. Said Charles A. Wyatt did not at any time prior to his decease make application for conversion of his said group insurance coverage to an individual policy; and said Charles A. Wyatt was entitled to convert his group coverage to an individual policy at any time within 31 days after termination of his group insurance.

"9. That said Group Policy No. GL 2 contains the following provision:

'TERMINATION OF INDIVIDUAL INSURANCE.

'The insurance of any Employee insured under this Policy shall terminate immediately upon the happening of any of the following events, whichever shall first occur:

'(a) .      .      .      .      .      .      .      .      .      .      .      .      .

'(b) Termination of employment of the Employee; or

'(c) ·      ·      ·      .      .      .      .      .      .      .      .      .      .

'If, however, the Employee is entitled to convert all or a part of his insurance to an individual policy but dies during the thirty-one day period following termination of his insurance, the amount of insurance which might otherwise have been converted will be paid as a claim under this Policy, whether or not application for conversion has been made.

'Termination of employment shall, for all purposes of this Policy, be deemed to occur upon cessation of active full-time work in the classes of Employees eligible for insurance; except that an Employee who is disabled, on leave of absence, temporarily laid off, employed on a part-time basis, or retired will nevertheless be considered as still employed on a full-time basis until the Employer, acting in accordance with rules precluding individual selection, terminates the Employee's insurance by notifying the Company to that effect or by discontinuing premium payments for his insurance. Insurance shall not, however, be continued for longer than three months on an Employee who is on leave of absence or temporarily laid off, nor shall insurance be continued in any case on an Employee who is absent from work because of membership in any military, naval or air force of any country at war, declared or undeclared.'

"10. Defendant contracted and agreed in said group policy and said certificate to pay as a claim the amount of insurance which might otherwise have been converted, whether or not such application for conversion was made within 31 days after termination of said Charles A. Wyatt's insurance, if said Charles A. Wyatt died during the 31-day period, in words as follows:

'If, however, the Employee is entitled to convert all or a part of his insurance to an individual policy but dies during the thirty-one day period following termination of his insurance, the amount of insurance which might otherwise have been converted will be paid as a claim under this policy, whether or not application for conversion has been made.' "

In paragraphs 11 and 14 it is stipulated that plaintiff is the widow of Charles A. Wyatt and is the person designated in the certificate of insurance as beneficiary; that about October 12, 1953, plaintiff submitted proof of death of her husband upon the form furnished by defendant; that on October 29, defendant expressly denied any liability to the plaintiff; and, that no part of the $5,000 mentioned in the certificate had been paid by defendant though payment thereof was demanded by plaintiff.

The above stipulation of facts was entered into at a pretrial conference. It was reduced to writing and filed in the case.

In the petition it was alleged that Charles A. Wyatt ceased active full-time work with the employer on January 22, 1953. That allegation was specifically denied in defendant's answer, and it was there alleged that the employment of Charles A. Wyatt finally terminated on January 15, 1953. In the stipulated facts it is agreed that after January 15, 1953, said Charles A. Wyatt did not at any time physically work or perform any services for his employer. It also fixed the date of his death as February 17, 1953. Under the terms of the policy of insurance in question Charles A. Wyatt had 31 days after he ceased his employment in which to convert the policy into an in-

dividual policy as distinct from a group policy. If he did not do so and died within the 31-day period after he quit work the group policy was still good. If the date he ceased to work was January 15, as stipulated, and as death was on the 17th of February, 33 days thereafter, the policy had expired and defendant would not be liable. Upon the trial counsel for plaintiff proposed to prove facts to this effect: that sometime in September, 1953, plaintiff wrote a letter to his employer, the Security Benefit Clinic and Hospital, claiming that in the two years Charles A. Wyatt had worked for his employer he did not take one week of vacation to which he was entitled, and requested payment therefor. His employer voluntarily paid his widow the amount of one week's salary, $212.50. Upon the trial plaintiff contended such payment extended his employment from the time he quit work on January 15, to January 22, and contended that the death of Charles A. Wyatt on February 17, was within the 31-day period which he had to convert the policy to an individual one and therefore he was entitled to recover. This theory was opposed by counsel for defendant and it was stipulated between the parties that this was the only legal question to be determined by the court.

The trial court took the case under advisement, briefs were filed by counsel, and after due consideration the court held that this claim of plaintiff for pay for one week of vacation which Charles A. Wyatt did not take, did not extend his term of employment to January 22, and rendered judgment for defendant.

In this court counsel for appellant with commendable frankness, state:

"The sole question of law before this court is whether or not the fact that Charles A. Wyatt was entitled to a week's vacation with pay which he had not taken when he *physically* ceased to work for his employer, Security Benefit Clinic and Hospital, on January 15, 1953, and on account of which vacation his widow later received the week's vacation pay, had the effect of giving Charles A. Wyatt the status of an employee until January 22, 1953, within the meaning of the group insurance contract between his employer and the defendant insurance company. . . ."

Counsel point out that under the group policy attached to plaintiff's petition "termination of employment" is defined as follows:

"Termination of employment shall, for all purposes of this Policy, be deemed to occur upon cessation of active full-time work in the classes of Employees eligible for insurance; except that an Employee who is disabled, on leave of absence, temporarily laid off, employed on a part-time basis, or retired will nevertheless be considered as still employed on a full-time basis until the Employer, acting in accordance with rules precluding individual selection, termi-

nates the Employee's insurance by notifying the Company to that effect or by discontinuing premium payments for his insurance. . . ."

Counsel further state:

"The court will note that plaintiff, in her Amended Petition, has made no claim that her deceased husband was disabled, on leave of absence, temporarily laid off, employed on a part-time basis, or retired. . ."

and contend:

". . . that the vacation period between January 15th and January 22nd of 1953, for which plaintiff widow was later compensated, constituted 'active full-time work' within the intent and meaning of the contract. . . ."

There is nothing in the record to support this contention except the analysis of appellant's counsel. That is to say, the letter written by appellant to the employer of her husband, Security Benefit Clinic and Hospital, is not contained in the record; neither is the letter—if there was one—which contained the check of the employer to plaintiff. Apparently it was in the nature of a contention that during the two years her husband had been employed by his employer he did not take one week's vacation he was entitled to, nor had he received pay for it. The agreed statement of facts disclosed that he was paid for three weeks vacation during the term of his employment and apparently appellant thought her husband was entitled to four weeks and that one week of that time he did not take as a vacation. We think it did not have the effect of extending the term of employment from January 15, to January 22. Even if it was intended to do so, we think it could not have changed the wording of the insurance policy any more than if appellant had thought her husband's employer owed some other item to her husband.

Counsel for appellant seek to invoke the general rule that when a policy of insurance is ambiguous the court should construe it most favorably in favor of the insured. Citing, 29 Am. Jur., Insurance, §§ 166, 167; Crawford and Harlan, Group Insurance, § 16; and, *Logan v. Victory Life Ins. Co.*, 175 Kan. 88, 97, 259 P. 2d 165, and cases there cited.

It is also the rule that if the wording of a policy is unambiguous it should be construed like any other contract—in harmony with its terms. See, *Lane v. Insurance Co.*, 109 Kan. 296, 198 Pac. 948; *Watkins v. Metropolitan Life Ins. Co.*, 156 Kan. 27, 131 P. 2d 722, and cases there cited; *Brown v. Metropolitan Life Ins. Co.*, 166 Kan. 616, 203 P. 2d 150; and, 29 Am. Jur., Insurance, § 1373, pertaining to

group insurance. See, also, cases cited in Crawford and Harlan, Group Insurance, § 16.

Counsel for appellant rely heavily upon *Dauber's Case*, 151 Pa. Superior Ct. 293, 30 A. 2d 214. We think the case is not in point. There the governing body of the city passed a resolution dismissing a policeman, the resolution to be effective June 30, 1941, but in addition thereto provided that an amount equal to a vacation allowance of two weeks be paid to Mr. Dauber July 15, 1941, the sum being equal to the amount he would receive during his normal vacation period. He was kept on the pay roll for the two weeks and on July 15, was paid for the 2-week period. The court held that Dauber's dismissal did not become effective until July 15, and that he was entitled to take advantage of a statute effective July 1, which entitled him to a hearing upon the reasons for his discharge.

In this case we find no ambiguity in the policy of insurance respecting the time of its termination. In fact, this policy definitely terminated when the employee quit work, which was January 15, 1953, unless the insured, within 31 days thereafter, converted it to an individual policy, which he did not do. The time for him to do that expired two days before his death. Neither the insured nor his beneficiary could maintain any action upon this policy thereafter. There is no contention on plaintiff's behalf that she could have maintained a suit on the policy any time before she collected from the employer her claim made to it sometime in September, 1953. We think that claim, as shown by the record, did not revive that policy of insurance. The employer was not the agent of the insurer to revive the policy and there is no contention that it attempted to do so. See, *Duval v. Company*, 82 N. H. 543, 136 A. 400, 50 A. L. R. 1276.

We find no error in the record. The judgment of the trial court is affirmed.