## Hayes v. Prudential Insurance Co. of America

*Gazda & Cottone*, for plaintiff.

*Henry C. McGrath* and *Welles & Mackie*, for defendant.

EAGEN, J., June 3, 1959.—This is an action in assumpsit on a policy of life insurance seeking payment of double indemnity benefits allegedly due for accidental death. We are herein concerned with the legal correctness of preliminary objections filed to the complaint in the nature of a demurrer.

The insurance policy concerned provided for the payment of double indemnity benefits in the event of accidental death if such death occurred "after the fifteenth birthday of the insured."

The death of the insured involved occurred when he was 14 years, 7 months and 10 days old.

The issue is a narrow one. Had the insured reached his fifteenth birthday before his untimely death?

We conclude to the contrary and must rule against plaintiff's claim.

In construing the language of insurance contracts, if there is an ambiguity therein, the interpretation must favor the insured. However, if there is no ambiguity, the specific language controls: Janney v. Scranton Life Insurance Company, 315 Pa. 200; Urian v. Scranton Life Insurance Company, 310 Pa. 144.

If the language in the policy in this case specified that such benefits should be paid if the death occurred after the insured had reached 15 years of age, and nothing more, it could be well argued that this referred to the insurance age and that a person is 15 years of age for insurance purposes when in fact he or she is only 14 years and 6 months old chronologically. Even in such instances, the only decisions called to our attention were against claimant: Angeli v. Metropolitan

Life Insurance Company, 54 Lack. Jur. 135; Watkins v. Metropolitan Life Insurance Company, 156 Kan. 27, 131 P. 2d 722.

In the present case the language employed is much stronger and more definite. In order for the liability under the policy to be fixed it was necessary for the insured to have reached his fifteenth birthday. In our opinion, this clearly meant the fifteenth anniversary of his birth.

Therefore, June 3, 1959, the preliminary objections to the complaint are sustained. Judgment is entered for defendant.