Honorable George W. McNiel State Auditor Sam Houston State Office Building P. O. Box 12067 Austin, Texas 78711
Re: Whether a short period between employment by two different state agencies constitutes a break in state employment.
Dear Mr. McNiel:
You have asked whether a short period between employment by two different state agencies constitutes a break in state employment sufficient to require payment for accrued leave.
An employee who resigns, is dismissed or is separated from state employment is entitled to receive payment for any unused vacation time he has accumulated. General Appropriations Act, Acts 1975, 64th Leg., ch. 743, at 2849. Persons whose employment with the state ended September 1, 1975, or later were also entitled to be paid for one-half of their accumulated sick leave. General Appropriations Act, Acts 1975, ch. 743, at 2850. This policy was terminated on August 31, 1977, and persons leaving state employment after that date are not entitled to be paid for any percentage of their unused sick leave.
The Legislature's termination of the policy of payment for sick leave created financial 1977, with the result state employment before August 31, 1977 with the result that similarly situated employees were treated differently depending on the time and method by which they left their state jobs. While we question the policy which permits radically different treatment of employees on the largely fortuitous circumstance of how and when an individual leaves the State's employ, we are not at liberty to ignore or add to the statutory language adopted by the Legislature.
Your question involves an employee who resigned from the State Auditor's Office on June 30, 1977, and had secured employment with another state agency beginning eleven days later. Article V, section 7e of both the 1975 and 1977 Appropriations Act indicates how an employee's leave is handled when he transfers from one state agency to another. That section provides:
 A state employee who transfers directly from one State Agency to another, shall be given credit by the receiving agency for the unused balance of this accumulated vacation and sick leave, provided that his employment with the State is uninterrupted.
Article V, § 7e, at 2851 (1975) and at V-33 (1977).
Thus the issue becomes whether the eleven day break between the two jobs constituted an interruption in state employment.
 `Termination of employment' has been defined as `the complete severance of the relationship of employer and employee.' Pan American Life Insurance Co. v. Garrett, 199 S.W.2d 819, 821
(Tex.Civ.App.-El Paso 1946, no writ). Such severance must occur by the positive act of either employer or employee. Edwards v. Equitable Life Assurance Society, 177 S.W.2d 574, 577 (Ky.Ct.App. 1944). Here the employee resigned and specifically asked that his resignation by treated as a termination. There was no attempt to seek leave without pay or to remain on the payroll until the employee's vacation time was exhausted. It is well established that an employee's unused vacation time does not extend his term of employment, and that payment for accrued annual leave `has no significance in determining the date' of separation from employment. Funderburk v. Metropolitan Life Insurance Co., 146 So.2d 710, 715 (La.Ct.App. 1962); Wyatt v. Security Benefit Life Insurance Co., 283 P.2d 243, 246 (Kan. 1955). See Mutual Life Insurance Co. of New York v. Presbyterian Hospital of Dallas, 503 S.W.2d 870, 874 (Tex.Civ.App.-Dallas 1973, writ ref'd n.r.e.).
In our opinion, this eleven day break in state employment entitles the state employee to payment for accrued leave, without regard to the amount of leave to which the employee is entitled at the time of his separation, and without regard to whether the employee subsequently resumes state employment. Accordingly, we believe that a short period between employment by two different state agencies constitutes an interruption in state employment sufficient to require payment for accrued leave.
 SUMMARY
A short period between employment by two different state agencies constitutes an interruption in state employment sufficient to require payment for accrued leave.
Very truly yours,
John L. Hill Attorney General of Texas
APPROVED:
David M. Kendall First Assistant
C. Robert Heath Chairman Opinion Committee