

# The Attorney General of Texas

December 1, 1980

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable James B. Adams
Director
Texas Department of Public Safety
5805 N. Lamar Boulevard
P. O. Box 4087
Austin, Texas   78773

Opinion No. MW-282

Re: Whether a retiring employee is entitled to be paid longevity or hazardous duty pay in addition to accumulated leave if he takes the accumulated leave in a lump sum

Dear Mr. Adams:

You have requested our opinion as to whether a retiring employee is entitled to receive longevity or hazardous duty pay when he is compensated for his accrued leave in a lump sum.

Article 6813d, V.T.C.S., provides, in pertinent part:

> ...each state employee... is entitled to longevity pay of a maximum of $4 per month for each year of service as an employee of the state up to and including 25 years of service.

Article 6252-20b, V.T.C.S., states, in pertinent part:

> All commissioned law enforcement personnel of the Department of Public Safety... are entitled to hazardous duty pay of $5 a month for each year of service in the respective agency, up to and including 30 years in service.

You indicate that it is possible for a retiring employee of the Department of Public Safety to have accrued up to 336 hours vacation time for which he is entitled to be paid at the time of separation from employment. H.B. 558, Acts 1979, 66th Leg., R.S., ch. 843, art. V, §7, at 2900-01. If the employee were to remain on the payroll while drawing 336 hours vacation time, he would be entitled to be compensated for approximately two months of longevity pay or for a similar amount of hazardous duty pay if he is a commissioned officer. If the employee had 30 years of service, the monthly bonus would amount to $50. You ask whether a retiring employee who collects his vacation time payment in a lump sum is entitled to receive longevity or hazardous duty pay for a period equal to the amount of his accrued vacation time.

Longevity pay is available to an individual only as an "employee of the state." Likewise, only "commissioned law enforcement personnel of the Department of Public Safety" may receive hazardous duty pay. The clear implication of both statutes is that a person must be on the state payroll during a particular period in order to qualify for a payment based upon that period. In Attorney General Opinion H-1096 (1977), this office said:

> It is well established that an employee's unused vacation time does not extend his term of employment, and that payment for accrued annual leave 'has no significance in determining the date 'of separation from employment. Funderburk v. Metropolitan Life Insurance Co., 146 So. 2d 710, 715 (La. Ct. App. 1962); Wyatt v. Security Benefit Life Insurance Co., 283 P. 2d 243, 246 (Kan. 1955). See Mutual Life Insurance Co. of New York v. Presbyterian Hospital of Dallas, 503 S.W. 2d 870, 874 (Tex. Civ. App. - Dallas 1973, writ ref'd n.r.e.).

An employee must be separated from state employment to be eligible for payment of accrued vacation time in a lump sum. At the time of such separation, he forfeits his eligibility for longevity and hazardous duty pay. It is our opinion, therefore, that a retiring employee is not entitled to receive longevity or hazardous duty pay when he is compensated for his accrued leave in a lump sum. However, if he were to stay on the payroll and draw his vacation time, he would be entitled to receive longevity or hazardous duty pay.

## SUMMARY

A retiring employee is not entitled to receive longevity or hazardous duty pay when he is compensated for his accrued leave in a lump sum.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Acting Chairman
Jon Bible
Rick Gilpin
Charles Palmer
Bruce Youngblood