**SHELLER–GLOBE CORPORATION and Equitable Life Assurance Society of the United States, Defendants–Appellants,**

v.

**Grace M. SHELLER, Plaintiff–Appellee.**

**No. 2–379A61.**

Court of Appeals of Indiana, Fourth District.

Dec. 15, 1980.

Rehearing Denied March 10, 1981.

---

William E. Ervin, Peterson, Ervin & Barry, Hartford City, for defendants–appellants.

William W. Hinkle, Hinkle & Racster, Portland, for plaintiff–appellee.

CHIPMAN, Judge.

Grace Sheller, widow of Edward Sheller, sued her deceased husband's employer, Sheller–Globe Corporation (Sheller–Globe), and Equitable Life Assurance Society of the United States (Equitable) for the proceeds of a group life insurance policy issued by Equitable to Sheller–Globe's employees. After a bench trial the court entered judgment against both Defendants, concluding:

> "Under the group life insurance policy issued by Equitable Life Assurance Society, any insured who died [sic] within thirty–one days following the termination of his employment would be covered under said policy and his beneficiary would be entitled to the death benefits. Since the decedent [Edward Sheller] died on March 18th, 1974, within the thirty–one day period following termination of his employment, pursuant to the terms of said contract the Plaintiff as beneficiary is entitled to the $20,000.00 death benefits.

> · · · · ·

The court further concludes that due to the negligence of Sheller–Globe in failing to properly advise decedent of his conversion privilege, the decedent was thereby denied his right of converstion [sic] which he would have exercised as would any

reasonable man under similar circumstances. As a direct result of the negligence of Sheller–Globe, the Plaintiff was damaged in the amount of $20,000.00.

. . . . .

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Plaintiff recover from the Defendant, Sheller–Globe Corporation, and from the Defendant, Equitable Life Assurance Society of the United States, and each of them, the sum of $20,000.00 together with the costs of this action."

Defendants appeal, raising the following issues for review:[1]

I.  Whether the trial court erred by admitting certain testimony over Defendants' hearsay objection.

II.  Whether there was sufficient evidence to support the trial court's determination that Edward was not given notice of his right to convert his group policy to an individual policy.

III.  Whether the trial court erred in its determination of Edward's termination of employment date.

We affirm in part and reverse in part.

## I. HEARSAY

The policy in question allowed an employee to convert his group policy to an individual policy within thirty–one days of termination of employment.[2] During the trial of this cause Grace Sheller offered testimony of a Mr. Hutchins that Edward had told him he would not have a life insurance policy after his retirement.[3] The testimony was admitted over Defendants' hearsay objection.

■ As stated in McCormick, Evidence § 246, and quoted in *Hall v. State*, (1978) Ind.App., 374 N.E.2d 62, 64–5:

"Hearsay evidence is testimony in court or written evidence, of a statement made out of court, such statement being offered as an assertion to show the truth of matters asserted therein, and thus resting for its value upon the credibility of the out–of–court asserter."

■ The testimony in question is hearsay if offered to prove Edward could not convert the policy or that Mrs. Robbins, an agent of Sheller–Globe, had so informed Edward. However, it is not hearsay if offered as a factual occurrence which is circumstantial evidence of Edward's belief that he could not convert his policy and not for the truth of the assertion. Such statements are not hearsay. *Indianapolis Newspapers, Inc. v. Fields*, (1970) 254 Ind. 219, 259 N.E.2d 651, cert. denied, 400 U.S. 930, 91 S.Ct. 187, 27 L.Ed.2d 190, *State Farm Mutual Automobile Insurance Company v. Shuman*, (1977) Ind.App., 370 N.E.2d 941.

---

1.  Appellants have waived the issue concerning conflicting conclusions of law by their failure to cite any authority. Indiana Rules of Procedure, Appellate Rule 8.3(A)(7).

2.  The policy in part states:
    CONVERSION PRIVILEGE
    "(A) Upon Termination of Employment. Upon termination of employment in the class or classes of employees insured hereunder; the employee shall be entitled to have issued to him by the Society without evidence of insurability, upon application made to the Society within thirty–one days after such termination and upon the payment of the premium applicable to the class of risk to which he belongs and to the form and amount of the policy at his then attained age, an individual policy of life insurance in any one of the forms then customarily issued by the Society (except a policy of Term insurance, or a policy providing benefits in the event of total and

permanent disability or additional benefits in event of accidental death) in an amount equal to, or at the option of the employee, less than the amount of his insurance under this policy ceasing because of such termination, . . . ."

3.  The testimony in question reads:
    "Ed came in that one Sunday morning after he had been released from the hospital, this was in October, and sat down as usual back in my office and started talking. Naturally he was feeling low, very low, and he looked up at my [sic] and said 'Bill,' he said 'as of January 31st I will no longer have any life insurance it will be terminated,' and I looked at him and said 'Ed, you mean to tell me that you cannot carry on your insurance like I did.' He said 'no, the insurance companies have been changed and the way Babe, Mrs. Robbins, told me that I could not take it on myself'. This was the exact words that he told me."

Since the testimony could properly be admitted as evidence of Edward's state of mind, even though it could not be admitted for the truth of the assertion, there was no error in the court's overruling Defendants' hearsay objection. "If any item of evidence were relevant and admissible for one purpose and not for another, there was no error in their admission." *Indianapolis Newspapers, Inc. v. Fields, supra* at 676.

## II. SUFFICIENCY OF THE EVIDENCE AGAINST SHELLER–GLOBE

Defendants contend there is insufficient evidence to support the trial court's determination that Sheller–Globe failed to properly inform Edward of his conversion right under the group life insurance policy. Their argument is premised on the assertion that Mr. Hutchins' testimony should have been excluded as hearsay. We have, in issue I, concluded there was no error in its admission. Thus, it must also be considered when reviewing the evidence for sufficiency.

On review this Court considers only the evidence which supports the trial court's judgment together with all reasonable inferences to be drawn therefrom. *De-Mayo v. State ex rel. Dept. of Natural Resources,* (1979) Ind.App., 394 N.E.2d 258. We cannot reweigh the evidence nor judge the credibility of the witnesses. It is only where the evidence and inferences so considered lead to a decision contrary to the trial court's, that we will reverse. *Orange–Co., Inc. v. Brown,* (1979) Ind.App., 393 N.E.2d 192.

In October of 1973 Edward Sheller learned he had cancer and shortly thereafter he was unable to continue working. He entered the hospital January 15, 1974, and died March 18, 1974. The evidence portrayed Edward as a man concerned with the preparations necessary to make his future widow comfortable; before he entered the hospital he executed a will, installed a new furnace and sold the older of their two cars. He also had ample funds to pay the premium required to convert his group insurance coverage to an individual policy. However, Mr. Hutchins' testimony indicates Edward believed he could not convert the group policy.

We grant that all of the above evidence is circumstantial in nature and is in conflict with direct evidence from Mrs. Robbins that she had given Edward a copy of the policy provision which informed him of his conversion right, but he declined it as too expensive. Nonetheless, as stated above, it is not our position to reweigh the evidence, only to determine if there is evidence to support the trial court's decision. We believe from all the evidence the trial court could have reasonably concluded Sheller–Globe was negligent in discharging its responsibility to inform Edward of his conversion right under the group policy.

## III. TERMINATION DATE OF EDWARD'S EMPLOYMENT

On January 31, 1974, Edward retired from Sheller–Globe pursuant to a policy of mandatory retirement on the last day of the month in which the employee reached sixty-five. On February 15, 1974, he received a final paycheck which indicated on its face it was for payment of the pay period ending January 31, 1974, plus twenty days vacation pay. Edward died on March 18, 1974. The trial court found Edward had retired on January 31, 1974, but extended the date of termination for the purposes of insurance coverage until February 15, 1974, because of the vacation pay. This placed the death within the thirty-one days after termination necessary for recovery under the policy.[4] Defendants contend this conclusion is erroneous. We agree.

---

4. The policy in part states:

"The Non–Contributory insurance hereunder of any employee shall cease automatically upon the occurrence of any of the following events:

(1) ...

(2) ... the termination of his employment in the classes of employees insured hereunder. Cessation of active work by an employee shall be deemed to constitute the termination of his employment ...."

The policy itself defines "termination of employment" as "cessation of active work" with an exception for those "absent from active work because of injury or sickness." Terms in contracts should be given their usual and common meaning. *Haworth v. Hubbard, et al.,* (1942) 220 Ind. 611, 44 N.E.2d 967; *Fort Wayne Bank Bldg., Inc. v. Bank Bldg. and Equipment Corp. of America,* (1974) 160 Ind.App. 26, 309 N.E.2d 464. We cannot alter those meanings unless the terms are somehow ambiguous. *Fort Wayne Bank Bldg., supra.*

■■■ Here we cannot say the addition of vacation pay extended Edward's *active* work. "Vacation" denotes a scheduled period of *inactivity,* not an extension of one's duties. Thus, we must conclude Edward's termination of employment occurred on January 31, 1974. *Accord, Wyatt v. Security Benefit Life Insurance Co.,* (1955) 178 Kan. 91, 283 P.2d 243; *Perry v. Equitable Life Assurance Soc.,* (1954) Ohio, 139 N.E.2d 489. His death, therefore, occurred outside the thirty–one day conversion period. We conclude that appellant Equitable is not liable to Grace Sheller for the death benefits of the group policy life insurance and the trial court's determination to the contrary is reversed.

We affirm the court's judgment as to Sheller–Globe Corporation and reverse as to the judgment against Equitable Life Assurance Society of the United States.

MILLER, J., and YOUNG, P. J., concur.

(a) an employee absent from active work because of injury or sickness may be regarded as still in the employment of the Employer during the period of such absence until the effective date of termination of such employee's insurance as entered on the records maintained in connection with this policy,

．　　　．　　　．　　　．　　　．

EXTENDED DEATH BENEFIT
A. During Conversion Period Following Termination of Employment. Upon receipt of due proof that an employee whose insurance hereunder terminated due to termination of employment in the class or classes of employees insured hereunder died within thirty–one days after such termination of employment, the Society will pay to the employee's beneficiary an amount of insurance equal to that for which such employee would have been entitled to have an individual policy issued to him in accordance with paragraph A., of the provision hereof entitled 'Conversion Privilege.' "