## LESLIE ALLEN v. STATE.

No. A-4682.    Opinion Filed Nov. 15, 1924.

(230 Pac. 277.)

(Syllabus.)

1.    **Rape—Proof that Defendant Was Under 18 Years of Age Matter of Defense.** Under section 1835, Compiled Statutes 1921, on a charge of rape alleged to have been committed on a female over the age of 14 years, proof of the fact that defendant at the time of such act was under the age of 18 years is a matter of defense, following Penn v. State, 13 Okla. Cr. 367, 164 Pac. 992, L. R. A. 1917E, 668, and Williams v. State, 17 Okla. Cr. 452, 190 Pac. 892.

2.    **Appeal and Error—Harmless Error—Admission of Rebuttal Evidence as Evidence in Chief.** The admission of evidence in chief, which was properly admissible as rebuttal evidence, should not result in a reversal of the judgment, in the absence of a clear showing that prejudice resulted therefrom.

3.    **Sufficiency of Evidence.** Evidence examined, and held sufficient to sustain the verdict and judgment.

Appeal from District Court, Choctaw County; G. M. Barrett, Judge.

Leslie Allen was convicted of the crime of rape in the second degree, and sentenced to imprisonment in the reformatory for two years, and he appeals. Affirmed.

Warren & Warren, for plaintiff in error.

The Attorney General, for the State.

MATSON, P. J. The plaintiff in error, Leslie Allen, was charged with the crime of rape, in the district court of Choctaw county. Said crime, according to the allegations of the information, was charged to have been committed in Choctaw county on the 12th day of August, 1922, by accomplishing an act of sexual intercourse with one Myrtle Nelson, a female person under the age of 16 years, and not the wife of the said Leslie Allen; the said Leslie Allen being a male person over the age of 18 years.

The conviction of plaintiff in error resulted, at the conclusion of a jury trial had in the district court of said county at the October term, 1922. The jury returned a verdict of guilty of rape in the second degree, and left the punishment to be assessed by the court. On the 15th day of November, 1922, the court sentenced the plaintiff in error to serve two years in the state reformatory at Granite, Okla. The petition in error and case-made were filed in this court on the 14th day of May, 1923, and the case was finally submitted on the record on the 9th day of October, 1924.

No brief has been filed in behalf of plaintiff in error, and no appearance was made to orally argue the cause at the time it was submitted. The record has been examined and considered in connection with the errors assigned. The questions presented raise the issue of the sufficiency of the evidence, and of the admission of certain alleged incompetent evidence. The evidence alleged to have been improperly admitted was competent for impeachment purposes, and related to the ques-

tion of the age of the plaintiff in error at the time this alleged offense was committed. The mother of the plaintiff in error, as a witness in his behalf, testified that plaintiff in error at that time was under the age of 18 years. The proof on the part of the state disclosed that the prosecuting witness was over the age of 14 years. It would have been a complete defense to this prosecution had the defendant convinced the jury of the fact that he was under the age of 18 years at the time the offense was alleged to have been committed. It was not incumbent upon the state in the first instance to establish the accused's age. Penn v. State, 13 Okla. Cr. 367, 164 Pac. 992, L. R. A. 1917E, 668.

However, the state, under a mistaken impression of its burden, attempted by one witness to show that the mother of the accused had stated, prior to the commission of the offense, that the accused was 19 years of age. This evidence was entirely proper to impeach the testimony of the mother of the accused, and was competent in rebuttal. Other evidence of the like nature was afterwards admitted in rebuttal. While the evidence of this particular witness was irregularly admitted, we are of opinion that its admission was not sufficiently prejudicial to authorize a reversal of this judgment.

The foregoing constitutes the only substantial legal question raised in this appeal. It is contended, however, that the evidence is insufficient to sustain the verdict and judgment. In this connection, it is contended that the testimony of the prosecuting witness is contradictory and unsatisfactory, and wholly uncorroborated. While it is shown that the prosecuting witness made certain contradictory statements, the record also discloses a reasonable explanation of the same, and, further, there is considerable corroboration of the testimony of the prosecuting witness. This assignment of error therefore directs itself more to the weight of the evidence and credi-

bility to be given to the state's witnesses, rather than to the sufficiency of the evidence. On the whole, we believe the evidence of the state to have been sufficient, if believed by the jury, as it evidently was, to support the verdict and judgment.

The conclusion is reached, therefore, that no error occurred during the progress of the trial sufficiently prejudicial to authorize or require a reversal of this judgment.

The judgment is therefore affirmed.

BESSEY and DOYLE, JJ., concur.