Willie MITCHELL, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13434.

Court of Criminal Appeals of Oklahoma.

Oct. 7, 1964.

Amos T. Hall, Tulsa, and Archibald Hill, Jr., Oklahoma City, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

NIX, Judge:

The plaintiff in error, hereinafter for convenience, referred to as the defendant, was convicted of the crime of Conspiracy to Defraud the State in the District Court of Logan County, and was sentenced to be imprisoned in the state penitentiary for a term of 1 year, and to pay a fine of $7000.00.

The information in the case at bar states that the defendant entered into a Conspiracy with one L. U. Marang, manager of the Antrim Lumber Company of Guthrie, Oklahoma to defraud the State of Oklahoma. The defendant was at the time Superin-tendent of building and maintenance at Langston University, an institution of the State of Oklahoma. That the defendant in his capacity of superintendent of main-tenance was to secure the issuance of certain purchase orders directed to Antrim Lumber Company. That L. U. Marang, who was then the manager of said lumber company, was not to supply the merchandise listed on the purchase order; that Marang was to file a claim for the amount of the purchase order on behalf of Antrim Lumber Com-pany. Consequently, a warrant was to be issued to Antrim Lumber Company for the Amount of the claim; that Marang was to remove a sum in cash from the cash drawer of Antrim Lumber Company equal to the amount of the warrant and to divide said cash with defendant, both of whom were to convert said money to their own personal use and benefit. The information proceeded to set forth several overt acts that took place over a period of time dating from July, 1958 until August, 1960.

The Information sets forth several overt acts for the purpose of effecting the object of the Conspiracy.

The defendant appeals to this Court asserting several assignments of error, only two of which will be discussed herein.

It is to be observed from the rec-ord alleged that defendant entered into a Conspiracy to defraud Langston by ordering certain material from Antrim Lumber Com-pany, and causing warrants to be issued in payment therefore. Defendant was ar-raigned on this information on the 22nd day of June, 1962.

On May 24, 1963, at a pre-trial of said cause, the County Attorney moved to amend the Information by further alleging the materials were not delivered. The trial judge granted a new arraignment for the defendant and reset the trial three days later, on May 27, 1963.

Defense counsel, at the time, moved that as a result of the amended information and new arraignment, that the case be stricken and he be granted at least 10 days to prepare

for trial, which motion was overruled. Defendant contends this to be error and to require reversal.

In determining the matter, it will not be necessary to discuss the importance of the amendment to the information or whether it constituted an amendment as to form or substance. Since the trial judge arraigned the defendant on the amended information, we will assume it was in substance. Taking this to be true, we are confronted with the question of how much time should elapse between the arraignment and the trial in felony cases. This Court has passed squarely on the question in the case of Reynolds v. State, 60 Okl.Cr. 92, 61 P.2d 269, wherein it stated:.

"Although no definite time between time of arraignment and time of trial is fixed by law, ordinarily, felony cases should not be assigned for trial in less than 10 days after plea is entered."

We are of the opinion that the rule as hereto adopted should be applicable in the case at bar. If the trial judge was of the opinion that the amended information required a new arraignment, at least 10 days should have been granted defendant to prepare for trial on the new information. Under the circumstances, it was error not to sustain defendant's motion for a continuance.

■ Defendant further complains with reference to evidence of other offenses being introduced in the trial, over his objections. The record reveals that the State introduced some 500 exhibits indicating other offenses not alleged in the information. It is to be noted that no instruction was given as to other offenses. It has been held by this Court that other offenses are not admissible unless limited by proper instruction to certain purposes for which they may be considered.

No doubt this evidence was admitted under the well established exception to the rule that other offenses may be shown to show a common scheme or plan, guilty knowledge, or intent. This Court properly stated the rule in Ellis v. State, 54 Okl.Cr. 295, 19 P.2d 972, wherein it said:

"Where evidence is admitted against the defendant which is competent under any of the recognized exceptions to the general rule, but which tends to prove defendant guilty of another crime than that charged, the instructions must limit and restrict the evidence, and leave the jury liberty to consider it only for the particular purpose for which it is admitted."

(See Roulston v. State, Okl.Cr., 307 P.2d 861, for exceptions to the general rule.)

■ Though the Oklahoma Statute provides, upon trial for Conspiracy, overt acts, not alleged in the information may be given in evidence (O.S.A.Title 22, § 741) it does not remove the necessity of limiting their consideration by instructions in line with Ellis v. State, supra. The proper type of instruction pertaining to other offenses has been suggested by this Court as set forth in McMahan v. State, Okl.Cr., 354 P.2d 476.

■ In absence of any instruction covering evidence of other offenses in the case at bar, we are of the opinion such evidence was incompetent, and for the jury to consider them without limitation was error sufficient to cause reversal.

We are, therefore, remanding the cause for the two reasons discussed herein. The judgment and sentence of the trial court is set aside; the cause reversed and remanded for a new trial in accordance with this decision.

JOHNSON, P. J., and BUSSEY, J., concur.