Ted MORRISON, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A-13513.

Court of Criminal Appeals of Oklahoma.

Nov. 17, 1965.

Joseph E. Mountford, Miami, for plaintiff in error.

Charles R. Nesbitt, Atty. Gen., of Oklahoma, for defendant in error.

BUSSEY, Presiding Judge.

The information under which this prosecution was layed charged that the defendant, Ted Morrison, set a fire of incendiary nature at the uninhabited dwelling of Elbert J. Turner, situated at Lot 18, Block 28, 211 Olive Street, North Miami, Ottawa County, Oklahoma, during the evening of June 26, 1963. Circumstantial evidence was offered in support of said allegations sufficient to submit the question of defendant's guilt to the jury and in addition to said evidence, there was also introduced testimony and circumstantial evidence tending to establish that a fire of incendiary origin had been set on the evening of June 26, 1963, at the home of Melitta Morrison, Defendant's wife, located at 810 Oak Street, Miami, Ottawa County, Oklahoma. Mrs. Morrison's home was partially destroyed by the fire.

Careful examination of the instructions of the Court discloses that the trial court failed to instruct the jury as to the limited purpose for which the trial court admitted evidence of fire of an incendiary nature, other than that charged in the information.

We are of the opinion that the Court's failure to properly instruct the jury as to the limited purpose for which evidence of a crime other than that charged in the information was admitted, constitutes reversible error. In Roulston v. State, Okl. Cr., 307 P.2d 861, it is stated in Paragraph 3 of the Syllabus:

> "The general rule is that when a defendant is put upon trial for one offense he is to be convicted, if at all, by evidence which shows that he is guilty of that offense alone and the admission of evidence of other crimes, either prior or subsequent to the offense for which he is on trial is inadmissible."

And further, in Paragraph 4:

> "Evidence of other crimes in order to be admissible must come within one of the well-recognized exceptions to the rule. That it tends to establish (1) Motive, (2) Intent, (3) The absence of mistake or accident, (4) A common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other, and (5) The identity of a person charged with the commission of the crime on trial."

In the recent case of Mitchell v. State, Okl.Cr., 395 P.2d 814, this Court, speaking through the Honorable Kirksey Nix, stated:

> "Where evidence is admitted against the defendant which is competent under any of the recognized exceptions to the general rule, but which tends to prove defendant guilty of another crime than that charged, the instructions must limit and restrict the evidence, and leave the jury liberty to consider it only for the particular purpose for which it is admitted."

In Mitchell, supra, Judge Nix went on to state in the body of the opinion that:

> "In absence of any instruction covering evidence of other offenses in the case at bar, we are of the opinion such evidence was incompetent, and for the jury to consider them without limitation was error sufficient to cause reversal."

Having determined in accordance with the authorities above set forth that this cause

must be reversed and remanded for a new trial, we deem it unnecessary to consider any of the other assignments of error urged on appeal. The judgment and sentence appealed from is reversed and remanded for a new trial.

Reversed and remanded.

NIX and BRETT, JJ., concur.