Andrew BROWN, Plaintiff in Error,

v.

The STATE of Oklahoma, Defend-
ant in Error.

No. A–14184.

Court of Criminal Appeals of Oklahoma.

Nov. 29, 1967.

Rehearing Denied Dec. 7, 1967.

**174**

Harold J. Singer, Enid, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Brian H. Upp, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

Andrew Brown, hereinafter referred to as defendant, was jointly charged with one Charles Hicks with the crime of Rape in the First Degree in the District Court of Garfield County, case no. 3383. A severance was granted and defendant was tried by a jury who found him guilty and assessed his punishment at 99 years' imprisonment. From said judgment and sentence he appeals.

Briefly stated, the unrefuted facts are that the prosecutrix, a 17 year old white girl, was parked on a country road with her boyfriend, a 17 year old white male, on the evening of the 12th day of June, 1966, when, at approximately 10:30 p. m., three Negro men approached the car, dragged the prosecutrix from it, overpowered her boyfriend by beating him, robbed him and after several unsuccessful attempts by two of the Negro men inside and outside the car, one of the Negro males accomplished penetration. During this struggle the prosecutrix was forced to commit oral sodomy upon two of the Negro males. She identified her assailant who accomplished penetration and committed one act of oral sodomy as the accused, Andrew Brown. The assailants left and the young couple returned to Enid where, at the home of the prosecutrix, she related to her parents what had occurred, the Enid police were called to make an investigation, the prosecutrix and her boyfriend were taken to the hospital where he was treated and she was examined. The medical testimony described the bruises and contusions around the private parts of the prosecutrix which were observed during this examination. Photographs which had been taken of the prosecutrix's boyfriend showing his bruises on the night of the assault, were introduced into evidence.

It is first contended that the trial court committed reversible error in overruling defendant's Motion for Mistrial when the prosecuting attorney in his opening statement referred to the attempted rape of the prosecutrix by persons other than the defendant, the beating and robbing of her boyfriend, and the other occurrences which transpired at the scene of the attack. Under this same proposition it is urged that the trial court committed reversible error

by admitting evidence of these alleged other offenses during the trial.

 The defendant relies upon the general rule that when a defendant is put upon trial for one offense he is to be convicted, if at all, by evidence which shows that he is guilty of that offense alone and the admission of evidence of other crimes, either prior or subsequent to the offense for which he is on trial is inadmissible. He argues that the exceptions to that rule are not applicable in the instant case. We are of the opinion that the facts in the instant case fall well within the recognized exceptions to the rule. These exceptions are set forth in Morrison v. State, Okl.Cr., 407 P.2d 998, in the following language:

"Evidence of other crimes in order to be admissible must come within one of the well-recognized exceptions to the rule. That it tends to establish (1) Motive, (2) Intent, (3) The absence of mistake or accident, (4) A common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other, and (5) The identity of a person charged with the commission of the crime on trial."

The factual situation here presented is almost identical with the situation presented in Shapard v. State, Okl.Cr., 437 P.2d 565, which cites with approval the rule enunciated in McManus v. State, Okl.Cr., 297 P. 830. In the Shapard case the prosecutrix was criminally assaulted by several defendants and forced to commit oral sodomy. This evidence is clearly admissible as tending to establish a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other. In Shapard v. State, supra, this Court cited with approval the rule enunciated in the McManus case, supra:

"But in cases of rape by force where two or more persons at the same time and place and as a part of the same common design and purpose, acting together in a continuous transaction, ravish a female, the two or more parties each having sex-

ual intercourse, the rule stated has no application. * * * "

Since both the defendant and his co-defendant were acting in concert and would be guilty as principals if one act of sexual intercourse occurred, it is immaterial that other attempts during the same transaction to ravish the prosecutrix failed. We hold that this assignment of error is without merit.

██ The defendant next contends that the trial court erred in refusing to instruct the jury on the included offense of Rape in the Second Degree, for the reason that the State failed to prove, as part of its case in chief, that the defendant was a male, over the age of 18 years.

In the case of Allen v. State, 28 Okl.Cr. 214, 230 P. 277, this Court, speaking through the Honorable Judge Matson, had this to say:

"The proof on the part of the state disclosed that the prosecuting witness was over the age of 14 years. It would have been a complete defense to this prosecution had the defendant convinced the jury of the fact that he was under the age of 18 years at the time the offense was alleged to have been committed. It was not incumbent upon the state in the first instance to establish the accused's age. Penn v. State, 13 Okl.Cr. 367, 164 P. 992."

The rule enunciated in this case has been cited with approval in numerous cases and insofar as it establishes that proof that defendant is under the age of 18 is an affirmative defense, it remains the law. See Application of Smith, Okl.Cr., 351 P.2d 1076.

 Although not assigned as error in either his Motion for New Trial or in his Petition in Error on appeal, the defendant now urges that the trial court erred in not giving further instructions to the jury.

We are of the opinion that the defendant's failure to request further instructions and exceptions taken to the ruling of the court, his failure to preserve this alleged

error in either his Motion for New Trial and the Petition in Error, does not preserve any question reviewable by this Court on appeal.

Defendant lastly contends that the jury's verdict is excessive is also without merit. The punishment imposed was within the range provided by law, the overwhelming evidence of defendant's guilt of this despicable crime stands unrefuted, and but for the able representation of his counsel throughout the trial proceedings, he could have received the maximum sentence imposed by law.

For all of the reasons above set forth, the judgment and sentence appealed from is affirmed.

NIX, P. J., and BRETT, J., concur.